Argued May 23, affirmed May 29, 1975

# OREGON STATE EMPLOYES ASSOCIATION, *Petitioner, v.* STATE OF OREGON (No. C-85-75), *Respondent.*

535 P2d 1385

*Don S. Willner,* Portland, argued the cause for petitioner. With him on the brief were Gregory A. Hartman and Willner, Bennet, Riggs & Skarstad, Portland.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and William F. Hoelscher, Assistant Attorney General & Counsel, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

As defined by the parties, the broad question in this case is whether the Oregon State Employes Association (OSEA) can declare a strike of state employes before the expiration of its current collective bargaining agreement with the State of Oregon.[1] Resolution is said to depend on the language of the

---

[1] OSEA is a "labor organization" within the meaning of ORS 243.650(12) which provides:

" 'Labor organization' means any organization which has as one of its purposes representing employes in their employment relations with public employers."

ORS 243.726(4)(a) prohibits labor organizations, such as OSEA, from declaring or authorizing an unlawful strike of public employes.

" 'Strike' means a public employe's refusal in concerted action with others to report for duty, or his wilful absence from his position, or his stoppage of work, or his absence in whole or in part from the full, faithful or proper performance of his duties of employment, for the purpose of inducing, influencing or coercing a change in the conditions, compensation, rights, privileges or obligations of public employment * * *." ORS 243.650(19).

agreement and Oregon statutes.[2] The question was

[2] The current collective bargaining agreement, entered into February 8, 1973, provides in part:

"This contract shall become effective on July 1, 1973, and remain in effect during the 1973-1975 biennium [i.e., until June 30, 1975] * * *.

"* * * * *

"This contract is subject to all applicable existing or future laws or regulations of the State of Oregon * * *.

"* * * * *

"During the life of this contract * * * [OSEA] shall neither cause nor counsel its members to strike, walkout, slowdown or commit concerted acts of work stoppage which are in violation of Oregon Revised Statutes."

OSEA argues the last passage from the agreement is a cross-reference to ORS 243.726(2) which provides it "shall be lawful for" most public employes "to participate in a strike after" certain procedures have been followed, such as good faith bargaining, mediation, factfinding and notice of intent to strike. Under this analysis, the only statutory limitation on public employe strikes would be the requirement that certain procedures first be followed.

The state first argues the last passage from the agreement is a cross-reference to former ORS 243.760, in effect at the time the agreement was executed, but since repealed:

"No public employe shall strike or recognize a picket line of a labor organization while in the performance of his official duties." (Repealed, Oregon Laws 1973, ch 536, § 39, p 1185.)

Although the agreement "is subject to * * * future laws," the state points out that the newer public employe collective bargaining law provides in part:

"Nothing in this Act affects a collective bargaining agreement made before the effective date of this Act." Oregon Laws 1973, ch 536, § 38, p 1185.

Somewhat inconsistently, in light of its apparent argument that none of the newer collective bargaining law is applicable to this agreement, the state also relies upon one section of the newer law:

"It is an unfair labor practice for a public employe or for a labor organization or its designated representative to do any of the following:

"* * * * *

"(d) Violate the provisions of any written contract with respect to employment relations * * *." ORS 243.672(2)(d).

For the reasons stated herein we do not reach or resolve any of these conflicting claims, all of which become extremely circular in going from the agreement to the statutes, and from the statutes to the agreement.

presented to the Public Employe Relations Board (PERB) by way of a petition for a declaratory ruling pursuant to ORS 183.410. PERB's ruling was generally in the negative, although the parties disagree about the exact scope of that ruling. OSEA appeals.

Under the record presented, we are unable to reach the broad question tendered by the parties.

■ The statute authorizing agency declaratory rulings, ORS 183.410, provides:

> "On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner
> * * * ."

This statute, as presently written, does not authorize PERB to make declaratory rulings on questions based *solely* on a collective bargaining agreement, as distinguished from questions based on statutes or rules. But here the limitations on strikes in the agreement and limitations on strikes in the statutes seem to be the same. *See,* n 2, supra. Thus, assuming the public employe collective bargaining law, ORS 243.650 to 243.782, is "enforceable by" PERB,[3] the agency was authorized to declare how that law would apply to a given "state of facts."

The written pleadings before PERB alleged little or nothing that amounts to a "state of facts"

---

[3] Technically speaking, the public employe collective bargaining law is enforced by the courts upon petition by PERB. ORS 243.766(4).

within the meaning of ORS 183.410. The petition for a declaratory ruling merely alleged:

"It is the position of petitioner [OSEA] that the * * * [collective bargaining agreement] permits petitioner to cause or counsel its * * * [members] to participate in a strike that is permitted by the Oregon Revised Statutes. It is the position of respondent * * * [the State of Oregon] that the * * * [agreement] does not permit petitioner to urge or counsel its * * * [members] to participate in a strike of any kind, regardless of whether such strike is permitted by the Oregon Revised Statutes * * *."

The answer to the petition asked for a declaration that "OSEA is barred by the * * * [collective bargaining agreement] from calling a strike prior to July 1, 1975." The issue thus joined is not whether OSEA can declare a strike that is permitted by statute. Obviously it can. The real issue is whether the contemplated strike is or is not permitted by statute.

During oral arguments before PERB, some Board members seemed to feel that whether a strike is or is not permitted by statute depends, in part at least, on the issue or issues precipitating the strike.[4] The Board members were, as we read the record, seeking illumination on the "state of facts" before them. In response to these questions, counsel for both parties discussed the fact that there was a bargaining impasse over retroactive pay[5] benefits.

PERB's ruling on the petition was as follows:

"1. This Board does not read Article VIII of the collective bargaining agreement as a 'no strike'

---

[4] We express no view on the accuracy of the apparent feelings of the Board members.

[5] The phrase, "retroactive pay," was used by the parties to mean additional pay both for the period which predated the current negotiations and the period between the time of current negotiations and July 1, 1975.

clause except in an instance where a strike, walk-out, slowdown or work stoppage would be in violation of Oregon Revised Statutes.

"2. The parties stipulated that the mediation and factfinding procedures required by ORS 243.712 and ORS 243.722 had been complied with. The proposed strike is not in violation of any Oregon statute.

"* * * * *

"4. The parties stipulated that major provisions of the current contract, which does not expire until June 30, 1975, would be materially affected by the negotiations which have been in progress and on which strike notice has been issued.

"In order to preserve the sanctity of the current contract, the Petitioner [OSEA] cannot strike during the period of the current contract to change its terms."

The penultimate sentence of PERB's order is apparently a reference to the retroactive pay issue that had been discussed during arguments. Were the question before us, we would have had extreme difficulty gleaning from the record anything remotely approaching a stipulation that retroactive pay would materially affect the current collective bargaining agreement; counsel for OSEA seems to have consistently argued the contrary before PERB. However, in this court OSEA concedes that PERB's factual finding is "correct." OSEA's brief states:

"Finding #4 recites that the parties had stipulated that major provisions of the current contract would be materially affected by the negotiations which are presently in progress. At the time of the hearing before PERB this stipulation was correct as part of OSEA's demands included increased pay for employees for the time worked before the expiration of the current contract on June 30, 1975 * * *."

On the law, OSEA also concedes that

> "* * * a strike to change the terms of an existing contract during the existence of that contract is * * * an unfair labor practice. If the * * * PERB * * * [ruling] was intended to mean no more * * * then the opinion of PERB should be affirmed * * *."

Given the vagueness of the record and OSEA's factual and legal concessions,[2] we perceive nothing in this case for our review. Unlike the parties, who find PERB's ruling to be ambiguous, we think it clearly provides only that OSEA cannot, during the effective period of the current collective bargaining agreement, declare a strike that is intended to, in whole or in part, change the terms of the current agreement. OSEA does not claim PERB has erred under the interpretation of PERB's ruling we here adopt; indeed, OSEA concedes PERB's ruling, as interpreted, is correct.

At oral argument it appeared that what the parties really want this court to rule on is a hypothetical question: Assuming OSEA were to drop demands for retroactive pay, would it then be possible for OSEA to declare a strike before July 1, 1975—not to change the terms of the current collective bargaining agreement—but solely to attempt to obtain more favorable terms in a new collective bargaining agreement? Regardless of whether such a hypothetical question would be justiciable for purposes of an agency ruling in an ORS 183.410-proceeding, the fact remains that PERB has not yet passed upon it. In an ORS 183.410-case, we review declaratory rulings made by an administrative agency. ORS 183.410 provides that the review shall be as in contested cases. ORS 183.-

---

[2] OSEA's concession as to the law is an accurate analysis of federal law. 29 USC § 158(d). We express no opinion as to the similarity of Oregon law.

480(6) provides "* * * [r]eview [by the Court of Appeals] of a contested case shall be confined to the record * * *." Moreover, ORS 183.410 does not authorize us to make a declaratory ruling on a question, be it hypothetical or concrete, that was not first passed upon by an administrative agency.

■ In summary, we hold that: (1) PERB's ruling *only* prohibits OSEA from declaring a strike before the expiration of the current collective bargaining agreement *if* the strike is to *change* the terms of the *current* agreement; (2) OSEA, because of its factual and legal concessions, presents no basis for disturbing PERB's ruling as so interpreted; and (3) the question of whether OSEA can declare a strike before the expiration of the current collective bargaining agreement for reasons other than changing the terms of the current agreement has not been passed upon by PERB, and therefore under existing statutes no view can properly be expressed thereon by this court.

Affirmed.

THORNTON, J., specially concurring.

I agree with the majority that in the present posture of this case this court cannot express an opinion on the questions presented by OSEA, and I concur in the result. However I base my conclusion on a different ground.

Under ORS 183.410,[①] which is a part of our Administrative Procedures Act and is the statute under

---

[①] ORS 183.410 provides:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. * * *"

which OSEA sought a declaratory ruling from PERB, the authority of a state agency to issue declaratory rulings is limited to "any rule or statute enforceable by it." As the majority opinion points out, the collective bargaining agreement involved here is not a "rule or statute" enforceable by PERB.

The present case is not in the nature of an administrative proceeding before PERB. Rather it is a dispute between two contracting parties as to the interpretation of a collective bargaining agreement.

A state agency has only such powers as are delegated to it by the legislature. *Gouge v. David et al.,* 185 Or 437, 202 P2d 489 (1949); *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948).

Summarizing, it is my view that OSEA's petition for a declaratory ruling was not cognizable under ORS 183.410; that PERB had no statutory authority to issue the declaratory rulings sought; and that therefore this court has no jurisdiction to entertain this appeal.