Submitted February 25, on respondent's motion to dismiss appeal, motion to dismiss granted April 2, 1976

MORAN et ux, *Respondents,*
*v.*
LEWIS et ux, *Appellants.*

547 P2d 627

Donald K. Denman, of Denman & Cooney, Medford, for the motion.

Thomas C. Howser, of Cottle & Howser, Ashland, contra.

DENECKE, J.

**DENECKE, J.**

Plaintiffs filed a lawsuit contesting defendants' right to log certain property. The trial court enjoined the defendants from logging on the property pending the determination of the lawsuit.

ORS 32.020 requires an undertaking to be filed when an injunction is issued during the pendency of a lawsuit. The trial court did not require an undertaking. The defendants appeal contending the injunction order is void as no undertaking was required. Plaintiffs moved to dismiss contending the injunction order was not an appealable order.

Ordinarily, an order for an injunction pending the determination of a lawsuit is not an appealable order. ORS 19.010; *Salem King's Products Co. v. La Follette,* 100 Or 11, 16, 196 P 416 (1921). In the *La Follette* case, however, we held the order was appealable because the court did not require the filing of an undertaking. We stated that because no undertaking was required, the court was without jurisdiction and the order was void. We followed precedents of this court that although an order is otherwise unappealable, if the order is void and the court was without jurisdiction to issue such an order, it becomes appealable. For example, *Deering v. Quivey,* 26 Or 556, 557-558, 38 P 710 (1895).

In *Wershow v. McVeety Machinery,* 263 Or 97, 101, 500 P2d 696 (1972), we overruled *Deering v. Quivey, supra* (26 Or 556), and its successors. We concluded they were decided contrary to ORS 19.010 providing what orders are appealable and the rule these cases established was "prejudicial to efficient judicial administration." 263 Or at 101.

For the reasons stated in *Wershow v. McVeety Machinery, supra* (263 Or 97), we also conclude that the holding in *Salem King's Products Co. v. La Follette, supra* (100 Or 11), that an order of preliminary injunction is appealable if an undertaking was not required is incorrect and it is overruled. The policy of

[ 633 ]

ORS 19.010 is clear. Orders are not appealable until the controversy is completely and finally settled in the trial court. Whether the order is claimed incorrect because contrary to statute or for some other reason is immaterial. There are exceptions to this policy; however, the present case does not fall within any exception.[1]

Appeal dismissed.

---

[1] In view of our order of dismissal, we do not consider plaintiffs' amended motion to dismiss filed after the trial court entered an amended and supplemental restraining order.