Argued April 27, reversed and remanded with instructions July 26,
reconsideration denied September 1, petition for review
allowed November 9, 1976
See later volume of Oregon Reports

# LANE COUNCIL OF GOVERNMENTS, *Petitioner,*
### *v.*
# LANE COUNCIL OF GOVERNMENTS EMPLOYES
### ASSOCIATION, *Respondents.*
### (CA 5525)
552 P2d 600

*Larry K. Amburgey,* Portland, argued the cause for petitioner. With him on the briefs were Jim D. Korshoj and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*Edward P. Heid,* Eugene, argued the cause for respondent Lane Council of Governments Employes Association. On the briefs were Kulongoski, Heid, Durham & Drummonds and Henry H. Drummonds, Eugene.

No appearance for respondent Oregon Employment Relations Board.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

This is an appeal by Lane Council of Governments (LCOG) from a determination by the Employment Relations Board (ERB) that LCOG is subject to the Oregon Public Employe Relations Act (PERA), ORS 243.650 to 243.782.

LCOG is an organization formed by voluntary agreement pursuant to the authority of ORS 190.003 to 190.110 by a number of local governments in Lane County. Originally organized in 1945 by several local governments in the Eugene-Springfield area as the Central Lane Planning Council, it now operates county-wide. Its principal function is to foster intergovernmental cooperation and to supply various planning services for the member units. LCOG also serves as a conduit for distributing federal grants-in-aid to member government units.

LCOG has no legislative or taxing authority. It provides only such services as its members request.

This case arose when the Lane Council of Governments Employes Association petitioned for certification as the exclusive collective bargaining representative for all of LCOG's employes. When this petition came on for hearing before ERB's hearing officer, LCOG moved to dismiss the petition on the grounds that LCOG was not a "public employer" as defined by the PERA, and that therefore ERB had no jurisdiction. The parties, at the suggestion of the hearing officer, agreed to refer the question directly to ERB. LCOG thereafter filed a written motion to dismiss directly with ERB.

After a full hearing, ERB determined that LCOG was a "public employer" subject to the PERA, denied LCOG's motion to dismiss the proceeding, and directed the hearing officer to proceed with the representation hearing.

The Employes Association argues that this court

does not have jurisdiction to hear this appeal because the decision of ERB that LCOG is a public employer is not a final order within the meaning of the Administrative Procedures Act, ORS ch 183, and also that the hearing was not a contested case hearing from which direct appeal to this court is possible. ORS 183.480.

ORS 183.310(2) provides in part:

"(2) 'Contested case' means a proceeding before an agency:

"(a) In which the individual legal rights, duties or privileges of specific parties are required by statute or Constitution to be determined only after an agency hearing at which such specific parties are entitled to appear and be heard; or

"(b) Where the agency has discretion to suspend or revoke a right or privilege of a person; or

"* * * * *

"(d) Where the agency by rule or order provides for hearings substantially of the character required by ORS 183.415, 183.425 and 183.450 to 183.470."

The hearing before ERB was limited to a determination of whether LCOG was a public employer under the Act.

After this case was argued and submitted, this court requested supplemental briefs on whether ORS 183.410[1] has any bearing on this case, and whether the

---

[1] ORS 183.410, which was not cited or mentioned by any of the parties, provides:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."

request by both parties to ERB for a ruling on whether petitioner was a "public employer" under PERA was a request for an advisory ruling covered by ORS 183.410. Both parties thereafter reappeared before ERB and presented the following stipulation:

> "The parties stipulate that the Employment Relations Board's ruling on the jurisdictional question may be treated as a ruling on a petition for a declaratory ruling under ORS 183.410."

After considering the above stipulation ERB concluded that it had no objection to it.

In the supplemental briefs petitioner, while stoutly reasserting its view that ERB's order denying petitioner's motion to dismiss was a final order and therefore fully appealable, states that ORS 183.410 provides "an additional or alternative basis for holding that this case is properly before the Court for review." Respondent Employes Association, while reasserting with equal conviction its view that ERB's order was not a final order and therefore not appealable, states that it agrees that the ruling of ERB now under review "may be treated as a ruling on a petition for a declaratory ruling under ORS 183.410."

■ The question now becomes: Does the stipulation come too late for consideration by this court in deciding the case at bar? While ordinarily this may be true, we conclude upon reflection that no purpose would be served by sending this case back to ERB only to have it return with the same question on a second appeal to this court. The United States Supreme Court, dealing with a similar issue in *Hormel v. Helvering,* 312 US 552, 61 S Ct 719, 85 L Ed 1037 (1941), said:

> "Ordinarily an appellate court does not give consideration to issues not raised below. * * * There may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below. See *Blair v. Oesterlein Machine Co.* 275 U.S. 220, 225 [72 L Ed 249, 48 S Ct 87]." 312 US at 556-57.

*See also,* 2 Am Jur2d 627, Administrative Law § 726 (1962). We believe that this is such a case. Moreover, here the administrative agency has in effect considered the issue of the applicability of ORS 183.410 by examining and approving the stipulation.

Accordingly, in the interest of justice and in order to expedite resolution of the present dispute between the parties, we will treat ERB's ruling on the jurisdictional question as "a ruling on a petition for a declaratory ruling under ORS 183.410."[2]

The provisions of ORS ch 183 are made applicable to ERB by ORS 243.766(7).

■ After reviewing the statutes set out above, we conclude that the proceeding here most resembles that contemplated in ORS 183.410 to provide advisory rulings. The sole issue before ERB was the "applicability to any person * * * of [a] * * * statute * * *." This is exactly what is provided for in ORS 183.410. Accordingly, the proceeding here being pursuant to ORS 183.410, the decision of ERB is directly appealable to this court.[3]

The provisions of ORS 183.410 having disposed of the issue of this court's authority to entertain this appeal, we will now deal with the substantive question presented, namely: Is LCOG a "public employer" as defined by ORS 243.650(18) and therefore subject to the PERA?

ORS 243.650(18) provides:

" 'Public employer' means the State of Oregon or any

---

[2] For an example of this procedure, *see, OSEA v. State of Oregon,* 21 Or App 567, 535 P2d 1385 (1975).

[3] In *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), we held that the action of PERB (now ERB) in designating the respondent labor union as an appropriate bargaining unit of the employes of the Klamath County Assessor's office, was not a final order, and therefore was not an appealable order under ORS 183.480(1)(a). This is a salutary rule, and we would agree with respondents that ERB's order was not a final order in this case but for the fact that here the parties at bar agreed to and did submit the issue to ERB for a declaratory ruling. This procedure was not attempted in *Klamath Co.*

political subdivision therein, including[4] cities, counties, community colleges, school districts, special districts and public and quasi-public corporations, except mass transit districts organized under ORS 267.010 to 267.390. 'Public employer' includes any individual designated by the public employer to act in its interests in dealing with public employes."

■ Applying the definition set forth in ORS 243.650(18) to the facts presented here, we conclude that LCOG is not a "public employer" as defined in ORS 243.650(18). LCOG is not "the State of Oregon"; likewise it is not a "political subdivision" of the state, a "public corporation" or "any individual designated by the public employer to act in its interests in dealing with public employes."

The Employes Association points out that LCOG would be a public employer under the statutory definition in a number of other Oregon statutes dealing with public agencies. *E.g.,* ORS ch 236 to ch 239 (Public Employes Retirement Act); ORS 236.040(1)(b) (Reemployment rights of public employes who enter the Peace Corps); ORS 192.410 et seq (Open Records Law); ORS 192.610 et seq (Open Meetings Law); ORS 307.090 (Property tax exemptions to public bodies). We do not see this as aiding their cause. To the contrary it is our opinion that the fact that the legislative definition in statutes most of which were enacted prior to the PERA includes organizations such as LCOG is an indi-

---

[4] We note that in *Premier Products Co. v. Cameron,* 240 Or 123, 400 P2d 227 (1965), our Supreme Court considered a similar issue of statutory interpretation involving the construction of a provision of the unemployment compensation law. There the statute (ORS 657.087) read:

" 'Employment' does not include service performed by individuals soliciting contracts for home improvements including roofing, siding and alterations of private homes to the extent that the remuneration for such services primarily consists of commissions or a share of the profit realized on each contract."

The court said in part:

"* * * 'Including' can and has been interpreted as a word of enlargement, or of illustrative application, as well as a word of limitation: *Arnold v. Arnold,* 193 Or 490, 502, 237 P2d 963, 239 P2d 595 (1952); *Federal Land Bank v. Bismark Lumber Co.,* 314 US 95, 62 S Ct 1, 86 L Ed 65 (1941). * * *" 240 Or at 125.

[ 125 ]

cation that the legislature in enacting this definition was making a conscious effort to narrow the application of the PERA to those classes of employes mentioned in ORS 243.650(18). *State v. Waterhouse,* 209 Or 424, 307 P2d 327 (1957).

■ It may be, as the Employes Association vigorously argues, that the legislature may have intended that all types of public agencies, including LCOG, be subject to the PERA. But that is not what this statute says. A court is not authorized to rewrite a statute or ignore the plain meaning of unambiguous words. ORS 174.010. *Fullerton v. Lamm,* 177 Or 655, 163 P2d 941, 165 P2d 63 (1946). It should declare what the legislature has done, not what it should have done. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 193 P2d 543 (1948); *Whitney v. Morgan,* 9 Or App 289, 497 P2d 865 (1972).

■ We are likewise not persuaded by the holding in *NLRB v. Natural Gas Utility District,* 402 US 600, 91 S Ct 1746, 29 L Ed 2d 206 (1971), that the defendant utility district was a political subdivision exempt from the terms of the National Labor Relations Act (NLRA). While the decisions of the federal courts in construing the NLRA are frequently helpful in construing our PERA (*see, Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975)), the term "political subdivision" as used in the NLRA is not the same as the term "public employer" used in Oregon's PERA. For this reason we do not find the definition in *Natural Gas* to be applicable here.

For the same reason we are not persuaded by the numerous definitions of "public employer" and "political subdivision" in other chapters of the Oregon Revised Statutes and other treatises and cases from other jurisdictions.

In short, the remedy of the respondent Employes Association lies with the legislative rather than the judicial branch.

Reversed and remanded for entry by ERB of an order allowing LCOG's motion to dismiss these proceedings.

**SCHWAB, C. J.,** dissenting.

I very much doubt that this court has jurisdiction over this appeal at this time. There is a general policy precluding appeals "until the controversy is completely and finally settled." *Moran v. Lewis,* 274 Or 631, 634, 547 P2d 627 (1976). This controversy is far from settled.

This case was begun by the Employes Association as a proceeding to certify a bargaining unit under ORS 243.682. It was handled by the Employment Relations Board as a proceeding under ORS 243.682. As explained in *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), the certification of a bargaining unit and then a bargaining representative can be a protracted process. This case is at the very beginning of that process. It is here as an appeal from the Board's denial of the Council of Governments' motion to dismiss for lack of jurisdiction. A court's denial of such a motion would clearly not be immediately appealable. *Moran v. Lewis, supra.* I find no basis for a different result when an administrative agency denies such a motion.

Although it started as a certification proceeding, the majority now converts this case into something no party even hinted it was—until supplemental briefs were filed in this court: a declaratory proceeding under ORS 183.410. To uphold this court's jurisdiction, such a metamorphosis probably is essential.[1] But assuming

---

[1]The controlling staute on the question of whether a motion to dismiss at the outset of certification proceeding can be immediately appealed is ORS 183.480:

"(1) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order * * *.

I am correct that jurisdiction would not otherwise exist, pretending this proceeding arose under ORS 183.410 because the parties in supplemental appellate briefs stipulate that we can engage in such a fiction seems to flatly violate the elementary rule that jurisdiction cannot be created by stipulation.[2]

The majority is concerned that, unless our jurisdiction is now upheld, this case will "return with the same question on a second appeal to this court"; instead, the majority is willing "to expedite resolution of the present dispute between the parties." 26 Or App at ——. This reasoning is unpersuasive. Applied literally, it means we should never dismiss an interlocutory appeal as premature. Moreover, it disregards the basis of our decision in *Klamath Co. v. Laborers Inter. Union, supra:* many contingencies could occur in the

---

"(2) Judicial review of final orders of agencies shall be solely as provided by ORS 183.482, 183.484, 183.490, 183.495 and 183.500.

"(3) Except as provided in ORS 183.400, no action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

"* * * * *"

We previously interpreted an earlier version of this statute (the same in substance) to mean: (1) final orders are appealable; and (2) other orders are appealable upon a showing that the party will suffer substantial and irreparable harm if interlocutory relief is not granted. *Aplanalp v. Board of Optometry,* 21 Or App 501, 535 P2d 573 (1975).

I would hold that denial of the motion to dismiss was an order, i.e., agency action that denied the claimed right of not being subject to Board jurisdiction. *See,* ORS 183.310(4). I would also hold that denial of a motion to dismiss is not a final order. *See, Aplanalp.*

This raises the question of whether the Council of Governments can show the likelihood of substantial and irreparable injury necessary to bring this interlocutory appeal. Here, the Council of Governments' only claimed injury is being subject to further proceedings before the Board. Under *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), this is insufficient.

[2] *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 408 P2d 80 (1965); *Logsdon v. State and Dell,* 234 Or 66, 380 P2d 111 (1963); *Harris v. Harris,* 192 Or 361, 232 P2d 818 (1951).

future which would moot the present dispute and negate the possibility of a subsequent appeal.[3]

Assuming for the sake of discussion that this court has jurisdiction over this appeal at this time, I dissent from the majority's holding that the Lane Council of Governments is not a political subdivision of the state of Oregon.

A growing number of contemporary problems transcend political boundaries, be they city, county, state or national. One legislative response to certain problems in this state, such as pollution and land-use planning, has been to create or authorize the creation of regional associations of local governments. These regional associations, such as the Lane Council of Governments, perform governmental functions on behalf of their members. *See* ORS 190.010 and 190.030(1).

It may have been that in an earlier and simpler day the term "political subdivision" was limited to municipalities and counties. But I submit that we close our eyes to contemporary reality if we regard the more recently developed regional associations of local governments as anything other than political subdivisions of the state.

Any other interpretation potentially leaves the Council of Governments' employes in a collective-bargaining limbo. The National Labor Relations Act, 29 USC § 151 et seq (1973), does not cover employes of a "political subdivision." 29 USC § 152(2) (1973). As I understand the United States Supreme Court's interpretation, the Council of Governments' employes could not organize and bargain collectively under the federal statute. *NLRB v. Natural Gas Utility District,* 402 US 600, 91 S Ct 1746, 29 L Ed 2d 206 (1971). In other words, the same group of employes that the majority now tells cannot organize under a state sta-

---

[3]For example, the Council of Governments might not be certified as an appropriate bargaining unit, or the Employes Association might lose an election to select a bargaining representative. *See generally, Klamath Co. v. Laborers Inter. Union, supra,* n 1.

[ 129 ]

tute because they *do not* work for a political subdivision would be told that they cannot organize under a federal statute because they *do* work for a political subdivision.[4] I cannot believe the legislature intended such a result. I would hold that what is excluded from NLRA coverage as a political subdivision must have been intended by the Oregon legislature to be a political subdivision as that term is used in ORS 243.650(18).

For the foregoing reasons I respectfully dissent.

---

[4]This anomaly is further compounded by ORS 663.005(4)(b) which excludes from the coverage of Oregon's private-sector labor statute the "state, or any county, city or political subdivision or agency thereof."