Argued January 4, reversed March 24, petition for rehearing denied by
opinion May 10, 1977
See 278 Or 335, 563 P2d 729

# LANE COUNCIL OF GOVERNMENTS, *Respondent,*

*v.*

# LANE COUNCIL OF GOVERNMENT
# EMPLOYES ASSOCIATION et al, *Petitioners.*

## (C/A 5525, SC 24767)

561 P2d 1012

Henry H. Drummonds, Eugene, argued the cause for petitioner Lane Council of Government Employes Association. With him on the briefs were Kulongoski, Heid, Durham & Drummonds, and Liana Colombo, Eugene.

Larry K. Amburgey, Portland, argued the cause for respondent. With him on the briefs were Davies, Biggs, Strayer, Stoel and Boley, and Jim D. Korshoj, Portland.

No appearance for petitioner Oregon Employment Relations Board.

Before Denecke, Chief Justice, and Holman, Tongue, Bryson, Lent, Linde and Mengler, Justices.

TONGUE, J.

## TONGUE, J.

This case comes to us on petition for review of a decision by the Court of Appeals holding that the Lane Council of Governments is not a "public employer" within the meaning of the Oregon Public Employe Relations Act. (26 Or App 119, 552 P2d 600 (1976).)

The case arises from a petition filed by the Lane Council of Government Employes Association ("Association") with the Oregon Employes Relation Board ("ERB") for certification of the Association as collective bargaining representative of employes of the Lane Council of Governments ("LCOG") pursuant to provisions of ORS 243.650 et seq, the Oregon Public Employes Relations Act ("PERA"). A motion to dismiss that petition was then filed by the LCOG, contending that it was not a "public employer" within the meaning of ORS 243.650(18). ERB denied that petition by an order holding that LCOG was a "public employer."

A petition for judicial review of that order was filed by LCOG with the Court of Appeals. A motion to dismiss that appeal was then filed by the Association on the ground that the order appealed from was not a "final order" within the meaning of ORS 183.480. The Court of Appeals withheld ruling on that motion, which was then argued by the parties in their briefs, as well as the merits of the case.

After the case was argued and submitted the court requested the parties to submit supplemental briefs upon the question whether ORS 183.410 had "any bearing on the case"; i.e., whether the motion by LCOG to ERB to dismiss the proceedings on the ground that LCOG was not a "public employer" under PERA was a request for an "advisory ruling" under ORS 183.410 and whether the issue of "appealability" could be determined under that statute. Supplemental briefs were then filed by the Association and by LCOG. It appears from these briefs that despite the

continuing contention by the Association that the order by ERB was not a "final order," the parties had "stipulated that the ruling of ERB may be treated as a ruling upon a petition for declaratory relief under ORS 183.410."

After oral argument the Court of Appeals held, by a divided court, that it would consider the case as a request for an advisory ruling under ORS 183.410 and then held, on the merits, that the Lane Council of Governments was not a "public employer" as defined in ORS 243.650(18).

We granted the Association's petition for review of that decision because of our concern whether the Court of Appeals was correct on both questions and because of the importance of the precedent set by that decision on each of those questions.

The majority opinion by the Court of Appeals does not discuss the question whether the order by ERB that LCOG was a "public employer" was a "final order" under ORS 183.480 so as to be appealable, but held instead that this was a proper case for an "advisory ruling" under ORS 183.410.

According to the majority opinion by the Court of Appeals, after its request for supplemental briefs (at 123):

"* * * Both parties thereafter reappeared before ERB and presented the following stipulation:

" 'The parties stipulate that the Employment Relations Board's ruling on the jurisdictional question may be treated as a ruling on a petition for a declaratory ruling under ORS 183.410.'

"After considering the above stipulation ERB concluded that it had no objection to it."

After discussing the problems involved, that court then held (at 124):

"Accordingly, in the interest of justice and in order to expedite resolution of the present dispute between the parties, we will treat ERB's ruling on the jurisdictional question as a 'ruling on a petition for a declaratory ruling under ORS 183.410.' "

[ 634 ]

Upon examination of the record, however, we find nothing to indicate approval by ERB of that stipulation other than the following statement in the supplemental brief of LCOG:

"* * * The parties entered into a stipulation to that effect before the Board on June 24, 1976, and jointly requested the Board to take the same position. By letter of June 25, 1976, a copy of which has been sent directly to the Court, the Board has indicated that it would have no objection to having the appeal treated in this manner."

Although we do not question the statement by counsel for LCOG of his understanding that a copy of such a letter was sent to the court, we are unable to find such a letter in files of the Court of Appeals.

ORS 183.410 provides a procedure under which "on petition of any interested person, any [administrative] agency may in its discretion issue a declaratory ruling" and also provides for judicial review of such rulings. Such petitions are to be on forms prescribed by the Attorney General, who is also to prescribe by rules the procedures for their submission.[1]

There is nothing in the record to show that the motion by LCOG to ERB to dismiss this proceeding was either submitted or intended to be submitted by LCOG as a petition for a "declaratory ruling" under the statute or that it was then so considered by ERB.

---

[1] ORS 183.410 provides:

"On petition of any interested person, any agency may in its discretion issue a declaratory ruling with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by it. A declaratory ruling is binding between the agency and the petitioner on the state of facts alleged, unless it is altered or set aside by a court. However, the agency may, where the ruling is adverse to the petitioner, review the ruling and alter it if requested by the petitioner. Binding rulings provided by this section are subject to review in the Court of Appeals in the manner provided in ORS 183.480 for the review of orders in contested cases. The Attorney General shall prescribe by rule the form for such petitions and the procedure for their submission, consideration and disposition. The petitioner shall have the right to submit briefs and present oral argument at any declaratory ruling proceeding held pursuant to this section."

This being so, the subsequent stipulation by the parties during proceedings on appeal to the Court of Appeals that the motion be considered by it to be a petition for such a "declaratory ruling" would appear to be no more than an attempt by the parties to confer jurisdiction on that court by stipulation, despite the general rule to the contrary.[2]

Not being appealable as a review of a "declaratory ruling" under ORS 183.410, we must decide whether the order by ERB that LCOG is a "public employer" was appealable as a "final order" under ORS 183.480. As previously stated, the majority opinion by the Court of Appeals did not consider that question.

■ We agree with the views expressed in the dissenting opinion by Chief Judge Schwab to the effect that in a proceeding before ERB to certify a bargaining unit under ORS 243.650(18) an order by ERB denying a motion to dismiss such a proceeding on the ground that the employer is not a "public employer" under ORS 243.650(18) and holding, to the contrary, that it is a "public employer" for the purposes of such a proceeding, is not a "final order" so as to be appealable under the terms of ORS 183.480.[3]

---

[2] *See Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 109-10, 408 P2d 80 (1965); *Harris v. Harris,* 192 Or 361, 367, 232 P2d 818 (1951).

It is suggested that such a rule should not be applied in this case because ERB, the agency involved, approved the stipulation by letter to the Court of Appeals. We do not reach that question, however, because it does not appear from the record that such letter was ever received by the Court of Appeals.

[3] ORS 183.480 provides:

"(1) Any person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order, whether such order is affirmative or negative in form, under this section and ORS 183.490 and 183.500. A petition for rehearing or reconsideration need not be filed as a condition of judicial review unless specifically otherwise provided by statute or agency rule.

"* * * * *

"(3) Except as provided in ORS 183.400, no action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted.

"* * * * *."

The Court of Appeals previously considered a similar problem in *Klamath Co. v. Laborers Inter. Union,* 21 Or App 281, 534 P2d 1169 (1975), also involving a proceeding before PERB (now ERB) to certify a bargaining unit. The order appealed from in that case was an order designating what was considered to be the appropriate bargaining unit. The court held (at 287) that such an order was not a "final order" because it was "but one step in the process of certifying a bargaining agent with whom the employer is obligated to bargain."

In support of that decision the court cited not only the decision by this court in *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928),[4] but also a decision by the Supreme Court of the United States in *Boire v. Greyhound Corp.,* 376 US 473 (1964), holding that similar orders in proceedings before the National Labor Relations Board are not appealable as "final orders" within the meaning of 29 USC § 160(f).

Although, as pointed out by LCOG, there may be some differences between the order involved in this case and the order involved in *Klamath Co.* and although the decision by the Court of Appeals is not binding on this court, we believe that any such differences are not material to the problem presented in this case and that the rule as stated in *Klamath Co.* is the correct rule for application in such cases.[5]

---

[4]In *Winters et al v. Grimes et al,* 124 Or 214, 216-17, 264 P 359 (1928), we held that:

"* * * One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it'? * * *."

*See also Moran v. Lewis,* 274 Or 631, 634, 547 P2d 627 (1976).

[5]It may be contended that the term "final order" for the purposes of judicial review of orders by administrative agencies may have somewhat different connotations than the term "final order" for purposes of appeal in

■ It is contended by LCOG, however, that even if the order by ERB that LCOG was a "public employer" was not a "final order" under ORS 183.480(1), it was still entitled to judicial review under exceptions provided by ORS 183.480(3) because ERB is proceeding "without probable cause" in that it "exceeded its jurisdiction" by "ignoring specific and express language of the statute" and because LCOG will "suffer substantial and irreparable harm if interlocutory relief is not granted."

In our opinion, there was "probable cause" for ERB to assume jurisdiction of the proceeding under ORS 243.650 et seq. for the certification of a bargaining unit for employes of the LCOG and to issue an order holding LCOG to be a "public employer." LCOG was organized pursuant to ORS 190.010 et seq. as an association of local governments in Lane County and is authorized by that statute to perform governmental functions on behalf of its various local governments by employes paid with public funds. This of itself, in our view, provided sufficient probable cause for ERB to assume jurisdiction over this proceeding and to enter an order holding the LCOG to be a "public employer."

Also, in our opinion, there was no showing of "substantial and irreparable harm" of the kind and degree necessary to require judicial review of an order under ORS 183.480(3). What LCOG complains of is that unless judicial review is granted it will be required to prepare for and participate in a hearing that may be lengthy, together with an appeal which may follow, as well as submission to a possible election, after which it may be required to refuse to

actions at law or suits in equity. No such contention is made in this case. See, however, 3 Davis, Administrative Law Treatise 56-59, §§ 20.01-20.03 (1958). *But see Myers v. Bethlehem Corp.,* 303 US 41, 50-51 (1938).

Under ORS 183.480(3) considerable flexibility is provided in that exceptions are specifically provided under which judicial review may be sought from orders that are not "final" orders. The contention of LCOG in this case is that it comes within these exceptions.

bargain in order to sustain its position—"all of which would be rendered totally unnecessary by a favorable verdict on appeal."

In *Myers v. Bethlehem Corp.,* 303 US 41 (1938), Justice Brandeis said (at 51):

> "Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. * * *"

*See also Klamath Co. v. Laborers Inter. Union, supra,* at 288-89. To the same effect, it is stated in 3 Davis, Administrative Law Treatise 73, § 20.03 (1958), that "The argument based on irreparable injury *from the administrative proceeding* is * * * a weak one." (Emphasis theirs)

For these reasons, we are of the opinion that the Court of Appeals erred in holding that this order by ERB was one from which LCOG was entitled to appeal. It follows, that we do not reach the merits of the question whether or not LCOG was a "political subdivision" within the meaning of ORS 243.650(18).

Because, however, of our holding that the Court of Appeals improperly assumed jurisdiction of the appeal by LCOG it also follows that its decision on the merits of that question is necessarily nullified and cannot properly be considered as establishing a correct interpretation of that statute.

Reversed.