Argued and submitted April 22, appeal dismissed August 10, reconsideration denied September 24, petition for review allowed December 2, 1981

LAND RECLAMATION, INC. et al,
*Petitioners,*

*v.*

DEPARTMENT OF ENVIRONMENTAL
QUALITY et al,
*Respondents.*

(No. 19-P-SW 329-NWR-79, CA 18457)

632 P2d 37

Richard J. Brownstein, Portland, argued the cause for petitioners. With him on the briefs was Gilbertson, Brownstein, Sweeney, Kerr & Grim, Portland. Ronald A. Watson, Portland, joined in the briefs for petitioner Land Reclamation, Inc.

Frank W. Ostrander, Jr., Salem, argued the cause for respondents. With him on the briefs were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Raymond W. Underwood, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioners appeal from an order of the Environmental Quality Commission (commission) affirming the Department of Environmental Quality's (department) denial of petitioners' application for a solid waste disposal facility permit. ORS 459.205 *et seq.* Although both the department's and the commission's decisions appear to have been premised on the substantive conclusion that waste disposal would pollute the groundwater beneath the proposed site, the record discloses that petitioners had not filed a completed permit application at the time either agency acted.

The commission states, in one of its Conclusions of Law:

> "The applicants have not filed a completed application for a solid waste disposal permit as required by OAR 340-61-025, 340-61-030, 340-61-035, and ORS 459.205 and 459.235. The time periods set forth in OAR 340-14-020 for department action on a completed application accepted for filing have not commenced. The applicant has not met the requirements of OAR Ch. 340 and a permit may not be issued until the applicant has done so, regardless of the outcome of this proceeding."

The order then states:

> "For all the above reasons the May 16, 1980, order of the Hearings Officer denying the applicants' request for a solid waste disposal facility permit is affirmed with leave to file a complete permit application which conforms with all the requirements of OAR Ch. 340."

Although the parties do not raise the question of whether the order is appealable, we are required to consider that question on our own motion, *City of Hermiston v. ERB,* 280 Or 291, 570 P2d 663 (1977), and we conclude that we lack jurisdiction. The order in this case is not final. By its terms, it permits the petitioners to proceed with the application process.[1] ORS 183.480, ORS 183.310(4)(b); *cf. Lane Council Govts v. Emp. Assn.,* 277 Or 631, 561 P2d 1012 (1977).

---

[1] Neither party argues that this appeal can or should be considered on an interlocutory basis pursuant to ORS 183.480(3).

Appeal dismissed.[2]

[2] We question, but need not decide, whether the department or commission had authority to take their respective actions concerning petitioners' permit in the absence of a completed application.