Submitted on petition for review September 9, petition allowed, order of dismissal reversed, remanded to the Court of Appeals for consideration of the petition for judicial review December 2, 1981

LAND RECLAMATION, INC. et al,
*Petitioners,*

*v.*

DEPARTMENT OF ENVIRONMENTAL
QUALITY et al,
*Respondents.*

(No. 19-P-SW 329-NWR-79,
CA 18457, SC 28075)

636 P2d 933

Richard J. Brownstein, David J. Sweeney, and Gilbertson, Brownstein, Sweeney, Kerr & Grimm, Portland, for petitioners Ralph Gilbert and Western Pacific Enterprises, Inc. Ronald A. Watson, Portland, for petitioner Land Reclamation, Inc.

David B. Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy

Solicitor General, and Frank W. Ostrander, Jr., and Raymond P. Underwood, Assistant Attorneys General, Salem, contra.

MEMORANDUM OPINION

## MEMORANDUM OPINION

Petitioners petitioned for judicial review of an order denying their application for a solid waste disposal permit, ORS 429.205 *et seq.* The Court of Appeals spontaneously dismissed the petition for lack of jurisdiction on the ground that the administrative order was not final because the order stated that petitioners could reapply or renew their application with additional engineering data. Petitioners petitioned for review, contending that the order was final and that the Court of Appeals had jurisdiction.

The terms "order" and "final order" are defined at ORS 183.310:

"(4)(a) 'Order' means any agency action expressed orally or in writing directed to a named person or named persons, other than employes, officers or members of an agency. 'Order' includes any agency determination or decision issued in connection with a contested case proceeding. 'Order' includes:

\* \* \* \* \*

(B) Agency action under ORS chapter 240 which grants, denies, modifies, suspends or revokes any right or privilege of an employe of the state.

"(b) 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

(A) Precedes final agency action; or

(B) Does not preclude further agency consideration of the subject matter of the statement or declaration."

Petitioners applied for a permit and it was denied by a written order. The basis of the order was that any disposal site in the area would cause risk to ground water. There was nothing more for the applicant or the agency to do. That agency action is a final order subject to judicial review under ORS 183.480. The recognition in the order that petitioners might reapply or ask reconsideration based on the submission of additional data makes the disposition no less final and does not render it interlocutory.[1] The Court of Appeals had jurisdiction for review.

---

[1] Upon our invitation, the respondent Department of Environmental Quality filed a memorandum in which it also characterized the order as final. Respondent states:

Review is allowed.

The order of dismissal is reversed. Remanded to the Court of Appeals for consideration of the petition for judicial review.

---

"* * * As far as the Commission was concerned, the matter was terminated when its order was issued. Although the order granted the appellants leave to file a complete application, such an offer was no different than the appellant's right to file a petition for reconsideration or to refile a complete new application. Inherent in the administrative permit issuing process is the ability of a rejected applicant to reapply with a revised application utilizing new information.

"* * * * *

"* * * Based on the facts before it, the Commission believed that the application was hopeless. Rather than 'string out' the application process at great expense to the applicant and the Commission itself, the Commission attempted to save considerable sums of money and time for all concerned and to issue an order to that effect."

The Department expressed disagreement with petitioners on the merits. We express no view as to the merits of the petition.

Our holding is consistent with *Lane Council Govts v. Emp. Assn.*, 277 Or 631, 561 P2d 1012 (1977), which was decided prior to the amendment of ORS 183.310(4), *supra,* by Or Laws 1979, ch 593, § 6.