LAND RECLAMATION, INC. et al,
*Petitioners,*

*v.*

DEPARTMENT OF ENVIRONMENTAL QUALITY et al,
*Respondents.*

(No. 19-P-SW 329-NWR-79, CA 18457)

640 P2d 699

Richard J. Brownstein, Portland, argued the cause for petitioners. With him on the briefs was Gilbertson, Brownstein, Sweeney, Kerr & Grim, Portland. Ronald A. Watson, Portland, joined in the briefs for petitioner Land Reclamation, Inc.

Frank W. Ostrander, Jr., Salem, argued the cause for respondents. With him on the briefs were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Raymond W. Underwood, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J..

Petitioners appeal from the Environmental Quality Commission's (commission) order affirming the Department of Environmental Quality's (department) denial of a solid waste disposal permit. *See* ORS 459.205 *et seq.*

In our previous consideration of the appeal, we concluded that the commission's order was not final because petitioners had not completed their application for the permit and the order itself recited that "a permit may not be issued until the applicant has done so, regardless of the outcome of this proceeding." The order also gave petitioners leave to file a completed application. We therefore dismissed the appeal. *Land Reclamation v. DEQ,* 53 Or App 512, 632 P2d 37 (1981). The Supreme Court reversed, holding the order to be final, and remanded the case to us for consideration on the merits. *Land Reclamation v. DEQ,* 292 Or 104, 636 P2d 933 (1981).[1]

■ The substantive reason for the department's and the commission's denial of the permit was that the location of a disposal facility at the proposed site would create a risk of pollution to the groundwater under the site. Petitioners appear to argue that the agencies erred by predicating their actions on the water pollution statutes in ORS chapter 468 rather than exclusively on the solid waste control statutes in ORS chapter 459. In our view, the statutes in the two chapters must be applied together.

ORS 468.720(1) provides:

"(1) Except as provided in ORS 468.740, no person shall:

"(a) Cause pollution of any waters of the state or place or cause to be placed any wastes in a location where such wastes are likely to escape or be carried into the waters of the state by any means.

"(b) Discharge any wastes into the waters of the state if the discharge reduces the quality of such waters below the water quality standards established by rule for such waters by the commission."

---

[1] The late United States Supreme Court Justice Robert Jackson is quoted as having said that the court on which he sat is not final because it is right, but is right because it is final. By similar reasoning, the EQC order in this case is final because the Oregon Supreme Court is final.

The department and the commission have enforcement and administrative responsibilities under both the solid waste control and the water pollution statutes. We do not agree that anything in ORS chapter 459 can be read as requiring or even permitting the agencies to grant permits for solid waste disposal activities that would violate the water pollution laws.[2]

■    Petitioners also contend that the department's denial letter and the commission's order are unsupported by existing rules and make new rules without following the rulemaking requirements of the Administrative Procedures Act. We disagree. While petitioners are correct in asserting that not *every* statement in the letter or order has a verbatim counterpart in the applicable statutes and rules, the statutes and rules make it abundantly clear that disposal site permit applications are subject to scrutiny for any danger of water pollution the proposed disposal operations may create. *See, e.g.,* OAR 340-61-020(5),-035(4),-040(3)(c). The decisions on which petitioners rely, *i.e., Megdal v. Board of Dental Examiners,* 288 Or 293, 605 P2d 273 (1980); *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979), do not require the level of coincidence petitioners argue is required between the language of statutes and rules and the fact situations to which they apply.

Petitioners make several other arguments which we have considered and do not accept. Discussion of those contentions would not be useful.

_____ Affirmed.[3]

---

[2] ORS 459.265(2)(c) supports our conclusion, although it is not directly in point. It provides:

"(2) In making its determination upon appeal from the action of a local government unit or the department, which action would result in the closure or curtailment of the use of a disposal site, the commission shall consider and make findings with respect to:

"* * * * *

"(c) The existence or threat of air or water pollution."

[3] In holding the commission's order to be final, the Supreme Court stated:

"* * * There was nothing more for the applicant or the agency to do. * * * The recognition in the order that petitioners might reapply or ask reconsideration based on the submission of additional data makes the disposition no less final and does not render it interlocutory. * * *" 292 Or at 106.

We emphasize, however, that our affirmance of the order applies to its grant of leave to petitioners to complete their application as well as its denial of the permit.