Argued and submitted February 26, reversed and remanded to trial court with instructions November 23, 1988

MERLE WEST MEDICAL CENTER,
*Respondent,*

*v.*

STATE HEALTH PLANNING AND
DEVELOPMENT AGENCY,
*Appellant.*

(85-482-CV; CA A43532)

764 P2d 613

Michael T. Weirich, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Steven A. Zamsky, Klamath Falls, argued the cause for respondent. With him on the brief was Zamsky & Belcher, Klamath Falls.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

The State Health Planning and Development Agency (SHPDA) appeals a judgment of the trial court reversing its decision that Merle West Medical Center's (petitioner) proposed conversion of 17 acute care beds to 17 skilled nursing facility beds was subject to Certificate of Need (CON) review by SHPDA pursuant to ORS 442.320(1)(a).[1] We hold that the trial court was without jurisdiction to decide the issue and reverse.

On January 28, 1985, petitioner submitted a "letter of intent" to SHPDA detailing its plan to convert 19 acute care hospital beds to 19 skilled nursing facility beds. *See* ORS 442.320; OAR 409-04-005(1). On February 13, 1985, SHPDA issued a determination that a CON was needed because the proposal constituted a "new health service" pursuant to ORS 442.320(1)(a).[2] In a second letter, dated May 24, 1985, petitioner requested that SHPDA reconsider its decision or, in the alternative, consider the second letter as a new or amended letter of intent. The second letter revised the original proposal by reducing the proposed conversion from 19 beds to 17 beds and increasing the cost of the conversion. On June 11, 1985, SHPDA issued a determination that the second proposal was substantially the same as the first, that it did not constitute a new or amended letter of intent and reaffirmed its decision that the proposal was subject to the CON process. Petitioner sought judicial review of SHPDA's June 11, 1985, decision[3] as

---

[1] The statute establishing SHPDA was repealed by Or Laws 1987, ch 660, § 40. The certificate of need process is now regulated by the State Department of Human Services. ORS 442.015(28); ORS 442.335. This proceeding took place in 1986. Accordingly, we apply the former statutes. In 1987, the legislature revised various sections of ORS Chapter 442 and ORS Chapter 183, including sections relevant to this case. Or Laws 1987, ch 660, §§ 4, 6, 7, 8; ch 753, § 2 1987; ch 320 § 141, § 233 and ch 861, § 1. Additionally, we apply the administrative rules that were in effect in 1986. Several of those rules have subsequently been revised. None of the revisions to either the statutes or the rules apply to this decision.

[2] A new health service has the meaning given the term "institutional health services" in ORS 442.015(21) and includes:

"Health services * * * which were not offered on a regular basis in or through such health care facility either directly or indirectly by contract within the 12-month period prior to the time such health services would be offered, and which could significantly add to the cost of patient care or compromise quality of care." ORS 442.015(24).

[3] Although petitioner initially sought review of SHPDA's February 13, 1985, decision, that petition for review was dismissed by the trial court on December 11,

an order in other than a contested case pursuant to ORS 183.480 and ORS 183.484. The trial court reversed SHPDA's decision.

SHPDA contends that its decision was not a reviewable final order pursuant to ORS 183.484 and, therefore, that the trial court lacked jurisdiction. Petitioner argues that the decision was a final order and, in the alternative, that, even if the decision did not constitute a final order, the court had jurisdiction to review the decision pursuant to ORS 183.480(3), because petitioner would suffer irreparable harm if the decision was not immediately subject to review.

SHPDA, a state agency, is subject to the Administrative Procedures Act (APA) and, therefore, review of its actions is governed by the APA. ORS 183.310(1). An "order" under the APA is an "agency action expressed orally or in writing directed to a named person or named persons," ORS 183.310(5)(a). SHPDA's action here was an order. However, under the APA, in order to be subject to judicial review, the agency action must be a *final* order, which is defined in ORS 183.310(5)(b):

> "Final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:
>
> "(A)   Precedes final agency action; or
>
> "(B)   Does not preclude further agency consideration of the subject matter of the statement or declaration."

We hold that SHPDA's decision that petitioner's proposal is subject to CON review is a preliminary agency decision and not a reviewable final order.

SHPDA's determination that petitioner's project is subject to CON review is the first step in a multi-stage review process. The first step in the process is the submission of a letter of intent. OAR 409-04-005(1). SHPDA then determines whether the proposal involves a new health service or the purchase of major medical equipment. If it does, then the

---

1985, for lack of subject matter jurisdiction because the decision was not a final order. Subsequently, petitioner amended its petition to seek review of SHPDA's June 11, 1985, decision. SHPDA again filed a motion to dismiss the amended petition on jurisdictional grounds, but the trial court denied the motion.

applicant must submit an application for a CON before proceeding with the proposal. ORS 442.320(1)(a). Within 90 days of receipt of a complete application, SHPDA must issue a proposed order either issuing a CON for the project or denying it. ORS 442.335(3)(a); OAR 409-07-040(1).[4] If the applicant is dissatisfied with the proposed decision, it may request an informal hearing with SHPDA before the final decision is issued. ORS 442.340(5)(a); OAR 409-07-040(5). Once the final decision is issued, the applicant may request a hearing before SHPDA to reconsider, ORS 442.340(5)(b), or appeal the decision to the Certificate of Need Appeals Board. ORS 442.340(5)(c); *see* ORS 442.360. Both the reconsideration hearing and the appeal are contested cases under ORS chapter 183 and are subject to judicial review under ORS 183.482. *State Health Planning v. Salem Hospital,* 83 Or App 80, 82 n 1, 730 P2d 589 (1986).

Petitioner contends that SHPDA's decision that it must go through the CON process is final and, therefore, its decision on that issue is subject to judicial review. However, the initial decision that petitioner must go through the CON process is not a final determination. At each stage of the CON process, the question of whether the project is subject to CON review may be raised and reconsidered. SHPDA's initial determination that petitioner's proposal was subject to CON review precedes final agency action and does not preclude further agency consideration of the subject matter and, accordingly, is not a final order. ORS 183.310(5)(b).

Petitioner also argues that the trial court had jurisdiction to review the decision pursuant to ORS 183.480(3), which provides for judicial review in the absence of a final order "upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted." Petitioner contends that it will suffer irreparable harm due to the delay necessary to complete the CON review process; specifically, it would lose revenue and incur costs related to participating in the process amounting to approximately

---

[4] The 90-day time limit may be extended with the consent of the applicant pursuant to ORS 442.335(3)(b). Additionally, SHPDA may extend the period of review for a reasonable time, not to exceed 180 days, in order to consider the application with other applications concerning health services in the same area. ORS 442.320(5).

$400,000 annually. Generally, an available administrative process must be exhausted before judicial review may be obtained. The rationale for this requirement is that the administrative decision-making process should not be prematurely interrupted, especially where agency expertise is involved. *Bay River v. Envir. Quality Comm.,* 26 Or App 717, 721, 554 P2d 620, *rev den* 276 Or 555 (1976). ORS 183.480(3), which allows premature review when irreparable harm is demonstrated, provides an exception to the exhaustion requirement. However, the harm alleged by petitioners here, *i.e.,* the cost of complying with a regulatory process and the loss of revenue resulting from participating in the process, are not the types of irreparable harm contemplated by ORS 183.480(3). *Lane Council Govts v. Emp. Assn.,* 277 Or 631, 638-39, 561 P2d 1012 (1977). If they were, the exception provided by ORS 183.480(3) would swallow the rule that a final order is required to invoke jurisdiction for judicial review. Petitioner must exhaust the available administrative remedies before seeking judicial review of the agency action.

Reversed and remanded to the trial court with instructions to dismiss petitioner's petition for review.