Argued and submitted September 24, 1993, reversed February 16, 1994

State Representative Thomas M. BRIAN,
*Respondent,*

*v.*

STATE OF OREGON,
acting by and through the
OREGON GOVERNMENT ETHICS COMMISSION,
*Appellant.*

(C920337CV; CA A77344)

868 P2d 1359

John T. Bagg, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Gregory A. Chaimov argued the cause for respondent. With him on the brief were Rece Bly and Miller, Nash, Wiener, Hager & Carlsen.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

In this proceeding under ORS 183.480(3), defendant Oregon Government Ethics Commission appeals from the trial court's judgment enjoining it from conducting an investigation of possible ethics violations by plaintiff State Representative Brian. We reverse.

On February 25, 1992, and again on May 26, the Commission found "cause," pursuant to ORS 244.260, to investigate whether all or part of a $10,000 check that Brian received from Seiyu International Corporation (Seiyu) constituted a use of his office for private gain or a gift, in violation of ORS 244.040.[1] There was evidence before the Commission that Brian had previously provided services to Seiyu as a "land use consultant," that those services were completed, that he had already received compensation for those services and that Seiyu gave him the unfettered choice of how to allocate the $10,000 in question "between his reelection campaign and compensation to him for future services to be rendered." There was also evidence that Brian had used his legislative letterhead in conjunction with his earlier services for Seiyu and that he used a signature block identifying him as "State Representative and Land Use Consultant."

Brian brought this action in circuit court, seeking, *inter alia*, to enjoin the investigation. The trial court granted preliminary and permanent injunctions. The court's principal holding was that the Commission lacked "probable cause" to proceed with the investigation, pursuant to ORS 183.480(3). That statute provides:

---

[1] ORS 244.040(1) and (2) provided, at the relevant time:

"(1) No public official shall use official position or office to obtain financial gain for the public official, other than official salary, honoraria or reimbursement of expenses, or for any member of the household of the public official, or for any business with which the public official or a member of the household of the public official is associated.

"(2) No public official or candidate for office or a member of the household of the public official or candidate shall solicit or receive, whether directly or indirectly, during any calendar year, any gift or gifts with an aggregate value in excess of $100 from any single source who could reasonably be known to have a legislative or administrative interest in any governmental agency in which the official has or the candidate if elected would have any official position or over which the official exercises or the candidate if elected would exercise any authority."

The section was since amended by Oregon Laws 1993, chapter 743, section 9.

"No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

The Commission has not yet issued a final order in this case.[2] Accordingly, the critical question here is whether the trial court was correct in concluding that the agency was proceeding without probable cause. Brian also argues that he will suffer substantial and irreparable harm as contemplated by the statute if interlocutory relief is not granted. *See Merle West Medical Center v. SHPDA*, 94 Or App 148, 153, 764 P2d 613 (1988).

We conclude that there are a number of problems with the trial court's determination that the agency was proceeding without probable cause. Before addressing the specific problems, however, an overview of the two statutory schemes that are involved in this case is necessary. Under the Administrative Procedures Act (APA), one of the functions assigned to state agencies is to conduct and decide contested cases. In this case, if the Commission's investigation leads to charges against Brian, that would lead to a contested case proceeding if not otherwise resolved. ORS 244.260(5), (7).[3] With rare exceptions that the APA itself specifies, the courts are not permitted to take actions bearing on a case within the jurisdiction of an agency until the agency has issued a final order. At that time, the agency's order becomes judicially reviewable for errors of fact or law pursuant to ORS 183.480, ORS 183.482 and ORS 183.484.

---

[2] ORS 183.310(5)(b) provides:

" 'Final order' means final agency action expressed in writing. 'Final order' does not include any tentative or preliminary agency declaration or statement that:

"(A) Precedes final agency action; or

"(B) Does not preclude further agency consideration of the subject matter of the statement or declaration."

[3] All references to ORS 244.260 in this opinion relate to the statute as it read at the relevant time. It has since been amended by Oregon Laws 1993, chapter 743, section 18. The effect, if any, of the 1993 amendments on further Commission proceedings on this matter is not before us in this appeal.

■      ORS 183.480(3) provides one of the exceptions to the rule against judicial intervention before there is finality at the agency level. As that statute makes clear, however, it does not authorize interlocutory judicial relief unless "probable cause" for the agency to proceed is lacking or "substantial and irreparable harm" to a party is present. As we will discuss, we have construed both "probable cause" and "irreparable harm" quite narrowly, consistent with the overall statutory purpose of requiring the administrative process to be completed before the role of the courts begins. For present purposes, it suffices to say that ORS 183.480(3) does not permit premature judicial review of interlocutory agency actions simply because they may be erroneous and might serve as a basis for reversal after there is a final order. For the courts to act under ORS 183.480(3), one of the two designated conditions must exist, each of which requires far more of a showing than that the agency may have acted or may be acting erroneously.

The way in which ORS 183.480(3) may be applied depends on the specific agency actions and the statutes governing them, as well as on the terms of ORS 183.480(3). Therefore, the government ethics statutes in ORS chapter 244, along with the APA, are relevant here. At the time in question, ORS 244.260(9) provided:

> "As used in this section, 'cause' means that there is a substantial, objective basis for believing that an offense or violation may have been committed and the person to be investigated may have committed the offense or violation."

The Commission proceedings here, far from being final, had only advanced to the stage of a determination under ORS 244.260 that an *investigation* was warranted as to whether Brian *may* have violated provisions of the ethics statutes. The Commission had made no final findings and has not taken any other final dispositive action that the appropriate court might ultimately have jurisdiction to review. Indeed, it had not developed the evidence that the investigation was designed to produce, and it had not made a decision whether or not to charge Brian with a violation. Stated differently, the agency had not yet reached the stage of deciding whether a contested case was indicated, let alone rendered a reviewable final decision in a contested case.

The nature of the trial court's action can be more fully appreciated with that statutory background in mind. Summarily stated, the court enjoined an investigation that the agency has statutory authority to conduct and is required by statute to conduct before bringing charges that it would then be required to consider in a contested case proceeding. The trial court based its decision on a statute that creates a narrow and extraordinary exception to the usual restriction against judicial intervention in the administrative process before a final order in a contested case or other final agency action is taken and judicial review is sought. We now turn to the specific reasons that require us to reverse.

■     The first problem with the trial court's decision is that it mistakenly based its conclusion that the agency lacked probable cause on concepts that are peculiar to the criminal law. This is not a criminal proceeding. The court wrongly defined "cause," as used in ORS 244.260, as entailing a "reasonable suspicion" standard, rather than applying the statutory definition which, as noted above, is whether "there is a substantial objective basis for believing that an offense or violation *may* have been committed." As we have explained, the phrase "proceeding without probable cause," in ORS 183.480(3), means "without a reasonable basis for the action or inaction." *Mongelli v. Oregon Life and Health Guaranty*, 85 Or App 518, 524, 737 P2d 633 (1987); *see also Lane Council Govts v. Emp. Assn.*, 277 Or 631, 561 P2d 1012 (1977); *Shepherd v. OLCC*, 81 Or App 201, 724 P2d 901 (1986).

■     Further, not only did the trial court apply the wrong standard in its assessment of whether the agency was proceeding without probable cause; it exceeded the permissible inquiry for the court at this investigatory phase of the administrative process. Rather than consider whether the agency had a substantial objective basis to believe that an offense *may* have been committed, the court proceeded to decide the ultimate factual questions that might eventually be before the agency if a contested case resulted from its investigation. Moreover, the court based those findings on its assessment of the weight of the evidence that was before the agency at this pre-investigation stage. An example of the court's error in this regard is the following finding in the judgment:

"[T]he evidence the OGEC possessed \* \* \* tended to show that the $10,000 check that Representative Brian had received from [Seiyu] was in part compensation for occupational services rendered and the balance was a campaign contribution."

That evidence, however, permitted other inferences, even before the investigation was conducted, and the inferences were not for the trial court to draw. Similarly, if the court's statement was intended to be a legal interpretation that "occupational services" and *"future* occupational services" are necessarily synonymous for purposes of determining whether ORS 244.040 may have been violated, that question, too, is initially one for the agency. In short, the court took it upon itself to try the merits of a contested case rather than determining whether the agency had a reasonable basis for proceeding with an investigation that might ultimately lead to a contested case.

■　The trial court's approach exceeded its authority under ORS 183.480(3). The proper question before it was whether the Commission had a reasonable or a substantial, objective basis for believing that Brian *may* have violated ORS 244.040. We conclude that, as a matter of law, the evidence of Seiyu's payment of $10,000 to Brian for such uses as he chose, coupled with his past relationship and activities on behalf of Seiyu and the absence of any existing debt it owed him, provide a substantial, objective basis for believing that Brian *may* have committed a violation.

■　Brian also argues that the court implicitly found that the investigation would substantially and irreparably harm him. We find no such implication. In any event, the types of harm on which he relies, *e.g.,* damage to reputation, are inherent incidents of the open and public administrative process that the legislature has created in connection with the ethics laws. We said in *Merle West Medical Center v. SHPDA, supra,* 94 Or App at 153, that if harms of that kind could prevent an agency from acting, "the exception provided by ORS 183.480(3) would swallow the rule that a final order is required to invoke jurisdiction for judicial review." The same is true here.

The other alleged defects in the Commission's proceedings that the trial court found, and on which Brian relies

in defending the judgment, involve matters other than probable cause or substantial and irreparable harm. Those matters may become reviewable when and if a final order is entered and review is sought in the proper court. *See* ORS 183.482. It may be the case that review of errors of other kinds may occur at an interlocutory stage if a lack of probable cause or the presence of substantial and irreparable harm is established. However, ORS 183.480(3) does not allow interlocutory review of any errors when, as in this case, neither of those factors has been established. *Mongelli v. Oregon Life and Health Guaranty, supra*, 85 Or App at 525.

Reversed.