Argued and submitted October 26, judgment vacated; remanded for dismissal
December 14, 1994

# HERMISTON IRRIGATION DISTRICT,
*Appellant,*

*v.*

# THE WATER RESOURCES DEPARTMENT
for the State of Oregon
and the Water Resources Commission
for the State of Oregon,
*Respondents.*

(CV 930-396; CA A80718)

886 P2d 1092

Laura A. Schroeder argued the cause for appellant. With her on the briefs was Schroeder Law Offices.

Jas. Adams, Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner Hermiston Irrigation District (HID) appeals a circuit court judgment entered for respondents Water Resources Department and Water Resources Commission (the department) in a review of the department's order in other than a contested case. Because the trial court lacked jurisdiction to consider the petition, we vacate the judgment and remand with instructions to dismiss the petition.

On March 3, 1993, the department issued and served what it called a "Descriptive Narrative of Operating Procedure for HID's Cold Springs Reservoir," which provided that "[t]he diversion to Cold Springs Reservoir will be closed when HID has diverted 50,000 acre feet (or amount specified in future certificates), into the Project Feed Canal." HID petitioned for judicial review of that order in circuit court on May 6, 1993. ORS 183.484(1). HID filed an amended petition for judicial review on May 12. On May 18, the watermaster telephoned HID to request that HID stop its diversion of water, because it had diverted more than 50,000 acre feet of water. HID filed a second amended petition for judicial review on May 28, 1993, adding an allegation that the May 18 oral order was wrongful. At the hearing, the department argued that the petition for review was untimely filed. The trial court disagreed, concluding that HID was not on notice that the March 3 order was final until it received the telephone call on May 18, enforcing the March 3 order. Therefore, according to the court, HID's May 28 second amended petition for review was timely. The court then determined the merits and entered a judgment in favor of the department.

On HID's appeal, the department argues that the trial court lacked subject matter jurisdiction, because the petition for judicial review was not timely filed. It argues that the March 3 order was a final order, and that the original petition, filed on May 6, was not filed within 60 days after the final order was served, as required by ORS 183.484(2). It also argues that the May 18 oral communication from the watermaster, by which he enforced the March 3 order, was not a final order from which a petition for judicial review could be filed. HID first responds that the jurisdictional arguments are not properly before us, because the department did not cross-assign error to the trial court's ruling on the department's

motion to dismiss for lack of jurisdiction, or cross-appeal from the judgment.

■        Because the issue is jurisdictional, we must consider the department's argument, even in the absence of a cross-assignment of error or a cross-appeal. We conclude that the trial court did not have jurisdiction to hear the petition. As a general rule, only final orders are subject to judicial review. ORS 183.480(1) provides that "[a]ny person adversely affected or aggrieved by an order or any party to an agency proceeding is entitled to judicial review of a final order * * *." A final order is a "final agency action expressed in writing." ORS 183.310(5)(b). A petition for judicial review of an order in other than a contested case must be filed within 60 days following the date the order was served. ORS 183.484(2).

■        In the trial court and in its brief, HID argued that the March 3 order did not become final until it received notice on May 18 that the order would be enforced. That position is untenable. A final order must be in writing. There is no authority for the proposition that a written order can become final some time after it is issued, by virtue of oral communications to the recipient of the order.

■        Here, the May 18 oral communication regarding enforcement of the March 3 order cannot constitute a final order, because it was not in writing. Therefore, it cannot support a petition for judicial review. The only arguably reviewable order is the one dated and served on March 3, 1993. If that order was not final because it was not a final agency action, it also could not support a petition for judicial review. If it was a final order, the petition for review of that order was not timely, because the original petition was filed on May 6, more than 60 days after the order was served.[1]

At oral argument, HID for the first time claimed that the trial court had jurisdiction under ORS 183.480(3), which

---

[1] HID asserted for the first time at oral argument that the petition was timely filed from the March 3 order, because the order was not served on that date. However, HID did not present any evidence to show when it was served, and the affidavit from the department says that the order was mailed on March 3. Therefore, there is no evidentiary support for HID's position. Further, HID acknowledged at oral argument that it is not seeking review of the March 3 order, but instead wants review of the May 18 enforcement action.

provides an exception to the finality requirement. That subsection provides:

"No action or suit shall be maintained as to the validity of any agency order except a final order as provided in this section and ORS 183.482, 183.484, 183.490 and 183.500 or except upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

HID claims that the department's May 18 oral enforcement action constituted "proceeding without probable cause," and therefore the circuit court had jurisdiction to review it.

We have construed "probable cause" in the context of ORS 183.480(3)

"quite narrowly, consistent with the overall statutory purpose of requiring the administrative process to be completed before the role of the courts begins. For present purposes, it suffices to say that ORS 183.480(3) does not permit premature judicial review of interlocutory agency actions simply because they may be erroneous and might serve as a basis for reversal after there is a final order." *Brian v. Oregon Government Ethics Commission*, 126 Or App 358, 362, 868 P2d 1359, *rev allowed* 319 Or 625 (1994).

In *Mongelli v. Oregon Life and Health Guaranty*, 85 Or App 518, 524, 737 P2d 633 (1987), we defined probable cause to mean "without a reasonable basis for the action or inaction."

■      The allegations of the petition for judicial review do not support a claim for jurisdiction on the basis of lack of probable cause for the department's action. The petition never alleges that the department is proceeding without probable cause, nor does it contain factual allegations from which an inference could be drawn that the department's action was without probable cause. The petition alleges that HID's water rights were determined by a court decree in 1916 and modified in 1918. It further alleges that the March 3, 1993 order limited the water use that was provided by the court's decree, and the March 3 order was incorporated in the petition. That order provides, as relevant, that "[t]he diversion to Cold Springs Reservoir will be closed when HID has diverted 50,000 acre feet (or amount specified in future certificates), into the Project Feed Canal." The petition then alleges that, on May 18, the department ordered HID to stop

its diversion from the Umatilla River, because 51,000 acre feet had been diverted to Cold Springs Reservoir. HID then alleged that the orders (presumably both the March 3 and the May 18 orders) are unlawful because:

"(a)   [The department] cannot amend, cancel, or forfeit a reserved right of the United States;

"(b)   [The department] cannot amend a decree of the court;

"(c)   [The department has] no valid reason to amend, cancel, or forfeit [HID's] entitlement to 350 cfs pursuant to the reserved right of the United States; and

"(d)   [The department's] order is not supported by substantial evidence."

At most, those allegations challenge the correctness of the March 3 order, which provided that diversion would be closed if HID had diverted 50,000 acre feet into the Project Feed Canal. HID does not claim that the May 18 enforcement action was inconsistent with the March 3 order, *i.e.* that it had not diverted 50,000 acre feet; instead, it alleges that the March 3 closure order is erroneous because it is inconsistent with the water rights provided by the 1916 decree. Enforcement of an unchallenged order is not an action taken without probable cause. If the enforcement is in accordance with an earlier order, that enforcement is with probable cause, even if the order that is being enforced is erroneous. There is no allegation or evidence that HID points to that suggests that the May 18 enforcement action was not in accordance with the March 3 order.

Because HID has not established a basis for judicial review of the department's actions, the trial court lacked jurisdiction over the petition.

Judgment vacated; remanded for dismissal of petition.