Argued and submitted December 5, 1994, reversed and remanded with instructions
May 24, petition for review denied September 26, 1995 (322 Or 167)

Murl W. ANDERSON,
Administrative School District No. 1
of Deschutes County (Bend-La Pine),
Oregon School Boards Association, and
Confederation of Oregon School Administrators,
*Respondents,*

*v.*

PUBLIC EMPLOYES RETIREMENT BOARD,
*Appellant.*

(92C-11657; CA A81222)

895 P2d 1377

Robert B. Rocklin, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert M. Johnstone argued the cause for respondent Murl W. Anderson. Sharon R. Smith argued the cause for respondent Administrative School District No. 1 of Deschutes County. Victoria Dozler-Totten argued the case for respondent Oregon School Boards Association. James M. Brown argued the cause for respondent Confederation of Oregon School Administrators. With them on the brief were Enfield, Guimond, Brown & Collins and Holmes, Hurley, Bryant, Lovlien & Lynch.

Before Warren, Presiding Judge, and Edmonds and Leeson, Judges.

WARREN, P. J.

## WARREN, P. J.

Public Employes Retirement Board (PERB) appeals from a summary judgment for petitioners declaring that an order requiring petitioner Anderson to repay overpaid retirement benefits is invalid and enjoining PERB from seeking recovery of the benefits from Anderson. We reverse.

For purposes of the summary judgment proceeding, the parties do not dispute these facts. Anderson worked for a number of years as a public school teacher and administrator in Oregon. He is a member of the Public Employes Retirement System (PERS). He has been receiving PERS retirement benefits since 1983. After he retired from the public school system, Anderson accepted appointments as interim superintendent in various school districts in Oregon, including the Tillamook school district from 1984 to 1985, and the Bend-La Pine school district from 1988 to 1989. Before accepting the position at Tillamook, Anderson contacted PERB regarding how acceptance of the interim superintendent position would affect his PERS benefits. A PERB representative told him that he must comply with ORS 237.125 and ORS 237.143,[1] and explained that Anderson would be in compliance with all of the pertinent statutory provisions so long as he did not work more than 600 hours in any calendar year. According to Anderson, he asked the representative what would happen if he could not do the job in 600 hours,

---

[1] ORS 237.125 provides, in part:

"(1)(a) Any member of the system [PERS] who is retired at any time after having reached earliest service retirement age, and who has been retired for more than six consecutive calendar months, may be reemployed by any public employer even though such retired member has been receiving retirement benefits.

"(b) Any person reemployed as provided in this section shall resume making contributions to the retirement fund, and the employer shall make contributions on behalf of the person * * *."

In 1988 and 1989, ORS 237.143 provided, in part:

"(1) Subject to the limitations in subsection (2) of this section, any public employer may employ any person receiving a service retirement allowance, if the administrative head of such employer is satisfied that such employment is in the public interest.

"(2) The period or periods of employment by one or more public employers of any person receiving a service retirement allowance shall not total 600 hours or more in any calendar year * * *."

ORS 237.143 was amended in 1991. Or Laws 1991, ch 917, § 3.

and was told that he could volunteer his time any way he wanted. Anderson asserts that a PERB field auditor checked his Tillamook school district contract and said that it complied with "PERS expectations."

In 1988, Anderson accepted an interim superintendent position with the Bend-La Pine school district. The terms of the contract required Anderson to work no more than 600 hours from August 1988, to December 1988, for $6,000, and no more than 600 hours from January 1989 through June 1989 for $55,000.[2] He also received a housing allowance of $500 per month and a travel allowance of $100 per month. According to one school board member, when some of the members of the board expressed concern about the amount of salary in relation to the employment hours, Anderson said that the board was "not to worry," as the hours "were just there for PERS purposes." According to the board member, Anderson told the board that "the district needed a full time superintendent and that he was prepared to provide more than a normal 40 hour work week."

On March 19, 1992, the director of PERB sent Anderson a letter stating that it had investigated his employment contract with the Bend-La Pine school district and had found that Anderson was in violation of ORS 237.125 and ORS 237.143, because he had worked more than 600 hours in 1988 and 1989. As a result, PERB demanded repayment of PERS benefits that Anderson had received from August 1988 through June 1989. The letter also informed Anderson of his right to petition for a contested case hearing if he disagreed with the order. Also, PERB made a monetary demand on the Bend-La Pine school district for employer contributions to PERS for the period of time that Anderson worked for it.

Anderson requested a contested case hearing. The other petitioners in this case, Administrative School District No. 1 of Deschutes County, Oregon School Boards Association and Confederation of Oregon School Administrators, requested limited party status in that proceeding, which was granted. However, before the administrative hearing was

---

[2] Although the statute provides that a person shall not work "600 hours or more," Anderson's contract provides that he shall not work "in excess of 600 hours." PERB does not rely on the express terms of the contract to assert that Anderson violated the statute.

held, petitioners filed this petition for judicial review in circuit court, seeking to enjoin PERB from pursuing its claim against Anderson. Both PERB and petitioners moved for summary judgment. The trial court denied PERB's motion and granted petitioners' motion. It declared that PERB's order to Anderson to repay the retirement benefits he had received was invalid, and enjoined PERB from asserting that claim against Anderson.

PERB assigns error to the denial of its motion for summary judgment and the granting of petitioners' motion. It argues that petitioners were not entitled to judgment on their claim, because judicial relief from agency action is not available until the agency action is complete. Petitioners acknowledge that PERB's order requiring Anderson to repay his retirement benefits is not a final order. However, they assert that interlocutory judicial relief is appropriate, because PERB is proceeding without probable cause and its action will cause Anderson substantial and irreparable harm if it continues.

■    A person affected by an agency action ordinarily is not entitled to judicial intervention in an administrative proceeding until the agency's action is final. ORS 183.480(1), (3); *Bay River v. Envir. Quality Comm.*, 26 Or App 717, 721, 554 P2d 620, *rev den* 276 Or 555 (1976). There is a very limited exception to that rule: ORS 183.480(3) provides for interlocutory relief "upon showing that the agency is proceeding without probable cause, or that the party will suffer substantial and irreparable harm if interlocutory relief is not granted."

PERB argues that it had probable cause to seek repayment of PERS benefits from Anderson, as a matter of law. Petitioners make four arguments in support of the trial court's order: (1) PERB has no statutory or regulatory authority to seek recovery of retirement benefits that have been paid; (2) PERB was required to but did not promulgate administrative rules relating to collection of overpaid retirement benefits before it sought recovery from Anderson; (3) PERB is estopped by its earlier approval of a similar interim superintendent contract from claiming that the contract between Anderson and the Bend-La Pine school district violated ORS 237.143; and (4) PERB does not have authority

to challenge the validity of the contract between Anderson and the Bend-La Pine school district.

■    In the context of ORS 183.480(3), "probable cause" means that "the facts and circumstances provide an objectively reasonable basis for the agency to proceed." *Brian v. Oregon Government Ethics Commission*, 320 Or 676, 683, 891 P2d 649 (1995). (Footnote omitted.) We test the agency's actions or inactions for reasonableness, whether the person challenging the action is claiming a lack of basis in law or in fact. *See id.; Lane Council Govts v. Emp. Assn.*, 277 Or 631, 561 P2d 1012 (1977). As we said in our opinion in *Brian*, with which the Supreme Court did not disagree:

> "ORS 183.480(3) does not permit premature judicial review of interlocutory agency actions simply because they may be erroneous and might serve as a basis for reversal after there is a final order." *Brian v. Oregon Government Ethics Commission*, 126 Or App 358, 362, 868 P2d 1359 (1994).

The test is whether the agency's action is objectively reasonable. If it is reasonable, judicial review of the correctness of the action must await the conclusion of the administrative process. Accordingly, we review to determine whether PERB had an objectively reasonable basis for initiating the collection action against Anderson. *See* ORS 183.500.

■    Petitioners first argue that PERB has no statutory or regulatory authority to pursue the recovery of overpaid retirement benefits. PERB argues that it has implicit authority to collect benefits that were improperly claimed, which arises from its express statutory authority to manage the PERS, and to act as trustee of the Public Employes' Retirement Fund. ORS 237.251(2); ORS 237.271(1); *see Ochoco Const. v. DLCD*, 295 Or 422, 667 P2d 499 (1983). The statutes on which PERB relies provide that PERB has the authority to manage and act as trustee for the fund. A trustee has the right and duty to protect the corpus of the trust. George Bogert, *Trust & Trustees* ch 29, § 582 (1980). Further, an agency has such implied authority as is necessary to carry out the power expressly granted. *Ochoco Const.*, 295 Or at 426. It is objectively reasonable for PERB to assert that the power to manage and act as trustee for the fund gives rise to the implied authority to recover overpaid benefits.

Petitioners argue that PERB knew that it did not have the authority to seek to collect overpaid retirement benefits, because after it initiated this action against Anderson, PERB proposed legislation to expressly provide for that authority. We disagree. An agency may have implied authority to take a particular action, but nonetheless desire to make that authority explicit in the statute. Petitioners' argument proves nothing. We conclude that, based on those specific administrative powers granted by statute, it is objectively reasonable for PERB to assert that it has the implied authority to seek recovery of retirement benefits paid to Anderson.

Petitioners next argue that PERB is proceeding without probable cause, because it failed to promulgate rules governing collection of overpaid retirement benefits. Contrary to petitioners' argument, an agency is not always required to promulgate rules before it can act. *See Trebesch v. Employment Division*, 300 Or 264, 710 P2d 136 (1985). Generally, an agency may interpret the statutes it is charged with administering either by rulemaking or through adjudication, or both. *Id.* at 273. Absent an explicit statutory directive requiring rulemaking, whether the agency is required to make rules before it takes action depends on the character of the statutory term in dispute, the authority delegated and tasks assigned to the agency, and the structure by which the agency executes its tasks. *Id.* at 270. Petitioners do not point to any explicit statutory requirement that PERB proceed only after rulemaking. Although their argument is not entirely clear, it seems to be that, in the absence of any explicit authority to seek recovery of overpaid retirement benefits, PERB must promulgate rules before it can exercise any implied authority to do that. That is not the law. Whether an agency must make rules before it can enforce statutes depends on the statutory scheme governing each agency. Petitioners do not argue that there is anything in the enabling statute for PERB, or in the statutory language, or the structure by which PERB acts, that necessarily requires rulemaking. Without deciding whether PERB may, in fact, exercise its implied authority through adjudication, without first having promulgated rules, we conclude that it was objectively reasonable for PERB to do so.

Petitioners next argue that PERB is estopped from seeking repayment of Anderson's PERS benefits, because

PERB approved an earlier similar contract with another school district. Apparently, the argument is that PERB cannot assert that Anderson in fact worked more than 600 hours under the Bend-La Pine contract, because PERB had earlier assured Anderson that a similar contract with Tillamook school district met the requirements of the statute. In essence, petitioner is asserting estoppel as a defense to PERB's action. Even if the facts on which petitioners rely for that argument are true, they are not so compelling that it is objectively unreasonable for PERB to assert facts to the contrary.

Finally, petitioners argue that PERB does not have the authority to challenge the contract between the school district and Anderson. Petitioners' pleading does not include an allegation that PERB was proceeding without probable cause because it lacked authority to challenge the contract.[3] Petitioner school district did raise that argument in its response to PERB's motion for summary judgment. We will not treat the pleading as amended to include a new allegation

---

[3] The pleading alleges that PERB acted without probable cause in four particulars: It lacked statutory authority to seek recovery of an overpayment of retirement benefits; it could not seek recovery of an overpayment without first engaging in rulemaking; PERB is estopped from challenging Anderson's entitlement to retirement benefits by its prior approval of a different contract; and there is no public purpose in seeking recovery from Anderson, because any recovery would be credited to Anderson's own retirement account. We have addressed petitioners' arguments about the first three bases; petitioners do not pursue the fourth.

The pleading also alleges:

"13.

"Respondent, in the absence of duly enacted administrative rule provision and notwithstanding its prior representations to Petitioner Anderson, now, asserts the right to construe the written agreement between Petitioner Anderson and Petitioner Administrative School District No. 1, Deschutes County, and the understanding of said agreement, expressed by those Petitioners.

"14.

"Respondent's proceedings against Petitioner Anderson and any future proceedings against Petitioner Administrative School District No. 1, Deschutes County, should be restrained because the Agency is proceeding without probable cause within the meaning of ORS 183.480(3)."

We do not understand those paragraphs to raise any different bases for the claim that PERB is proceeding without probable cause. Paragraph 13 merely asserts that PERB "asserts the right to construe the written agreement" between Anderson and the school district, despite the absence of an administrative rule and despite PERB's prior representations to Anderson about the validity of a different contract. We have already addressed petitioners' arguments regarding PERB's authority to proceed without rulemaking, and estoppel.

of lack of probable cause, because petitioners have not sought to amend the pleading to include that allegation. *See Rectenwald v. Snider*, 134 Or App 250, 894 P2d 1242 (1995); *Mobley v. Manheim Services Corp.*, 133 Or App 89, 889 P2d 1342, *rev den* 321 Or 47 (1995); *Hussey v. Huntsinger*, 72 Or App 565, 696 P2d 580 (1985). Accordingly, we do not address petitioners' argument regarding PERB's authority to challenge the contract between Anderson and the school district.

We conclude that petitioners have not established, as a matter of law, that PERB lacked probable cause for proceeding to collect the overpaid retirement benefits, and that PERB has established, as a matter of law, that it had an objectively reasonable basis for its action. Accordingly, the trial court erred in granting petitioners' motion for summary judgment and denying PERB's motion on the basis of lack of probable cause.

Petitioners also argue that the trial court correctly entered judgment for them, because PERB's actions will cause Anderson to suffer substantial and irreparable harm if interlocutory relief is not granted. They assert that Anderson will suffer harm due to substantial and unreimbursed legal expenses, personal and emotional distress, and damage to reputation. PERB argues that the type of harm alleged is not "substantial and irreparable" within the meaning of ORS 183.480(3). We agree with PERB.

██ ██ The costs and delay caused by participating in the administrative process are not the types of harm that constitute "substantial and irreparable harm." *See Lane Council Govts*, 277 Or at 638; *Merle West Medical Center v. SHPDA*, 94 Or App 148, 152-53, 764 P2d 613 (1988). Further, damage to reputation is an " 'inherent [incident] of the open and public administrative process that the legislature has created * * *.' " *Brian*, 320 Or at 691 (quoting *Brian*, 126 Or App at 364). Petitioners' argument, raised for the first time in their brief to this court, that Anderson will suffer harm to his constitutionally protected liberty interest, was not raised below. We will not consider it for the first time on review. As to personal and emotional distress, petitioners do not allege or provide evidence of any particular distress that will arise from Anderson's participation in a contested case hearing. Therefore, petitioners have failed to show that Anderson will

suffer substantial and irreparable harm if this action is allowed to proceed to a contested case hearing. The trial court erred in granting summary judgment to petitioners on the basis of substantial and irreparable harm.

Because petitioners have not established that they are entitled to judicial review under ORS 183.480(3), and PERB has established that it is entitled to judgment as a matter of law, the trial court erred in granting petitioners' motion for summary judgment and in denying PERB's.

In its final assignment of error, PERB challenges the court's award of attorney fees to petitioners. In light of our disposition of the assignments relating to the summary judgment motions, it follows that the trial court erred in awarding attorney fees to petitioners.

Reversed and remanded with instructions to dismiss petition for judicial review.