CRAWFORD & COMPANY and National Union Fire Ins. Co. Pittsburgh, Appellants,

v.

Penny T.R. BAKER–WITHROW, Appellee.

No. S–10141.

Supreme Court of Alaska.

Dec. 19, 2003.

Zane D. Wilson, Cook, Schuhmann & Groseclose, Inc., Fairbanks, for Appellant Crawford & Company.

Penny Baker–Withrow, pro se, North Pole.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

Alaska Statute 23.30.155(o) requires the Alaska Workers' Compensation Board to notify the Division of Insurance when it determines that an insurer has frivolously or unfairly controverted a compensation claim. Upon receiving notice the division must de-

termine whether the insurer has committed an unfair claim settlement practice under AS 21.36.125. The question presented here is whether a board determination of unfair controversion is a final appealable order. We hold that it is because the board's decision-making process has been completed and its determination has an adverse effect on the insurer since it is binding on the Division of Insurance.

In an order on reconsideration entered July 28, 2000, the Alaska Workers' Compensation Board determined that Crawford & Company had unfairly and frivolously controverted claims submitted by Penny Baker–Withrow on August 30, 1996, and November 5, 1997. In an earlier order the board also found that Crawford "did not act in good faith." This finding was not modified on reconsideration. The dispositional portion of the board's order provided:

> Based on the Board's finding the insurer has committed a frivolous or unfair controversion, we will send a copy of this decision to the Division of Insurance to determine if the insurer has committed an unfair claim settlement practice.

The order also provided that it "is a final decision" and that "[p]roceedings to appeal must be instituted in Superior Court within 30 days...." Crawford appealed this order to the superior court, which held that there was not yet a final administrative order to appeal from because the Division of Insurance had not yet determined whether Crawford had committed an unfair claim settlement practice.

From the superior court's dismissal on these grounds, Crawford appealed to this court. We entered an interim order stating:

> The question in this case is whether the board's finding that Crawford and Company frivolously or unfairly controverted Baker's claim is an appealable order. The finding was made pursuant to AS 23.30.155(o).[1] Under the terms of that

subsection the board must notify the Division of Insurance when such a finding is made, and when so notified the division must determine whether the insurer has committed an unfair claim settlement practice. Critical to our determination of appealability is whether the board's finding is binding in subsequent proceedings conducted by the division, or whether the insurer can relitigate whether its controversion was frivolous or unfair as an original matter in the proceedings before the division. The regulations, practices, and procedures, if any, of the Division of Insurance concerning the effect of board findings under subsection .155(o) will be important in determining whether such findings are binding. No evidence or information as to such regulations, practices, and procedures has been presented.

> Accordingly, IT IS ORDERED:

> That this case is REMANDED to the superior court with instructions to make findings as to [the] existence of any regulations, practices, or procedures of the Division of Insurance concerning whether board findings under subsection .155(o) are treated as binding. In order to make such findings the superior court should request supplemental memoranda from the parties and the State of Alaska. In addition, the superior court may authorize discovery and may conduct an evidentiary hearing if, in the judgment of the court, such a hearing is needed. This court will RETAIN JURISDICTION pending receipt of the findings from the superior court.

On remand the only evidence submitted to the superior court was the affidavit of Robert Lohr, the Director of the Division of Insurance. He stated that the division would not re-examine a board finding of frivolous controversion and that it was the division's duty to determine whether the frivolous controversion amounted to an unfair trade practice under AS 21.36.125.[2] He observed that the

1. AS 23.30.155(o) provides:
   The board shall promptly notify the division of insurance if the board determines that the employer's insurer has frivolously or unfairly controverted compensation due under this chapter. After receiving notice from the board, the division of insurance shall deter-

   mine if the insurer has committed an unfair claim settlement practice under AS 21.36.125.

2. AS 21.36.125 provides:
   (a) A person may not commit any of the following acts or practices:

elements necessary for a finding of an unfair claim settlement practice "may be similar to those necessary for a board finding of frivolous controversion, but they are not congruent." [3] The superior court found that the

(1) misrepresent facts or policy provisions relating to coverage of an insurance policy;

(2) fail to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy;

(3) fail to adopt and implement reasonable standards for prompt investigation of claims;

(4) refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;

(5) fail to affirm or deny coverage of claims within a reasonable time of the completion of proof-of-loss statements;

(6) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

(7) engage in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;

(8) compel an insured or third-party claimant in a case in which liability is clear to litigate for recovery of an amount due under an insurance policy by offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file;

(9) attempt to make an unreasonably low settlement by reference to printed advertising matter accompanying or included in an application;

(10) attempt to settle a claim on the basis of an application that has been altered without the consent of the insured;

(11) make a claims payment without including a statement of the coverage under which the payment is made;

(12) make known to an insured or third-party claimant a policy of appealing from an arbitration award in favor of an insured or third-party claimant for the purpose of compelling the insured or third-party claimant to accept a settlement or compromise less than the amount awarded in arbitration;

(13) delay investigation or payment of claims by requiring submission of unnecessary or substantially repetitive claims reports and proof-of-loss forms;

(14) fail to promptly settle claims under one portion of a policy for the purpose of influencing settlements under other portions of the policy;

(15) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for

frivolous controversion finding was not binding on the Division of Insurance, but could not be reversed by the division. The court found that the finding served as a basis for the board's referral and determined that if

denial of a claim or for the offer of a compromise settlement; or

(16) offer a form of settlement or pay a judgment in any manner prohibited by AS 21.89.030;

(17) violate a provision contained in AS 21.07.

(b) The provisions of this section do not create or imply a private cause of action for a violation of this section.

3.  In full, the Lohr affidavit states:

Robert A. Lohr, being first duly sworn states:

1. I am the director for Alaska's Division of Insurance. I have personal knowledge of the facts contained in this affidavit.

2. I offer this affidavit to present the division's understanding of the interplay between AS 23.30.155(o) and AS 21.36.125 and the division's practices based on that understanding.

3. When the Alaska Workers' Compensation Board makes a finding that a frivolous controversion has occurred, it notifies the Division of Insurance, pursuant to .155(o). The division will not re-examine a determination of frivolous controversion by the board. The division does not relitigate the factual findings of the board that led to the finding of frivolous controversion, nor will the division relitigate the board's conclusion that a frivolous controversion occurred.

4. The division's statutory duty is to determine whether the frivolous controversion found by the board constitutes an unfair trade practice in violation of AS 21.36.125, and if so, what penalties are appropriate. The elements necessary for a finding of an unfair claim settlement practice may be similar to those necessary for a board finding of frivolous controversion, but they are not congruent. A finding by the board of frivolous controversion may be and usually would be relevant to the determination of an unfair claim settlement practice, but it is not necessarily dispositive of the question.

5. It is still the case that a board finding of frivolous controversion may be relevant, probative and persuasive on the question of whether an unfair claim settlement practice under AS 21.36.125 has occurred—and such a finding often provides the foundation for an investigation and ultimate [decision].

6. It is the division's general practice—and one followed in the instant case—to stay an investigation and determination under AS 21.36.125, pending the outcome of an appeal of a board finding.

the Division of Insurance should find that Crawford had committed an unfair claim practice then the company could appeal that order. Under the interim order the question of appealability is now ripe for decision before this court.

■ A party to an administrative adjudicative proceeding has the right to appeal a final administrative order to the superior court.[4] But sometimes it is difficult to determine whether an agency order is final for the purposes of appeal.[5] We have observed that the test used in Alaska to determine finality is "essentially a practical one."[6] In *State, Department of Fish & Game, Sport Fish Division v. Meyer* we stated that one measure of finality "is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties."[7]

In the present case this standard is met. The board has completed its decision-making process as to whether the controversions in question were frivolous. The result of the order will directly affect Crawford because the order mandates an investigation by the Division of Insurance as to whether Crawford has committed unfair claim settlement practices and may serve as a foundational fact supporting a determination that Crawford has committed such practices. In proceedings before the Division of Insurance the board's frivolous controversion determinations cannot be questioned on evidentiary or legal grounds and thus will be binding. Since the elements of a frivolous or unfair controversion under AS 23.30.155(o) are similar to the unfair claim settlement practice defined in AS 21.36.125(a)(6)—failing to "attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear"—the board's determi-

nations will go a long way toward establishing an unfair claim settlement practice.

■ The fact that any decision of the Division of Insurance determining that Crawford had committed unfair claim settlement practices would itself be appealable does not, in our view, destroy the finality of the board's order. The Division of Insurance is a separate agency from the Alaska Workers' Compensation Board and proceedings before the division are separate from proceedings before the board. The division gives binding effect to the board's frivolous controversion determination and asks whether the frivolous controversion also constitutes an unfair claim settlement practice, or some of the elements of an unfair claim settlement practice. This use of the board's determination and the fact that the determination requires Division of Insurance action are, in our view, direct effects sufficient to impart finality to the board's order.

The board's findings must be subject to appellate review at some point.[8] If review were delayed until a direct appeal of Division of Insurance proceedings that found an unfair claim settlement practice based on the board's frivolous controversion determination, an anomalous situation would be present. The correctness of the decision of the Division of Insurance would not necessarily be under review. Instead, the critical question could be the legal and evidentiary sufficiency of the determinations made by the Workers' Compensation Board in the collateral proceeding. The rules governing judicial review of agency action provide that the agency from which the appeal is taken has the responsibility for preparing the "record of proceedings before the agency" including a typed transcript.[9] The agency is a party to the appeal that may brief and argue its posi-

4. Alaska R.App. P. 601(b); AS 44.62.560(a).

5. See *Mukluk Freight Lines, Inc. v. Nabors Alaska Drilling, Inc.*, 516 P.2d 408, 411 (Alaska 1973), where we quoted the observation that " 'final' in the context of appealability [is] an 'abstruse and infinitely uncertain term.' " *Id.* at 411 n. 11 (quoting *Will v. United States*, 389 U.S. 90, 108, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (Black, J., concurring)).

6. *Matanuska Maid, Inc. v. State*, 620 P.2d 182, 184 (Alaska 1980).

7. 906 P.2d 1365, 1370 (Alaska 1995) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992)).

8. AS 44.62.560(a); Alaska R.App. P. 601(b).

9. Alaska R.App. P. 604(b)(1)(A).

tion.[10] How these provisions would work in an appeal from a decision of the Division of Insurance that questioned determinations made by the Workers' Compensation Board is a question having no ready answer in the appellate rules. Of course, answers might be improvised, as they should be if necessary to preserve a party's right to appeal. But the need for improvisation highlights that the better answer to the problem is to adhere to the established standards of finality expressed in *Meyer* and look to "whether the agency has completed its decisionmaking process" and whether the result "will directly affect the parties." [11]

One practical consequence of our holding that the board's determination of frivolous or unfair controversion under AS 23.30.155(*o*) is appealable may be to delay the Division of Insurance's determination as to whether Crawford has committed an unfair claim settlement practice. Lohr stated in his affidavit that it is the division's general practice to stay an investigation and determination pending the appeal of a board finding.[12] Although we can understand the reasons for this practice, it is not required by law. Unless a stay is entered, final administrative orders have binding effect even though an appeal from them is pending.[13] Thus there is no legal impediment to the division's investigation going forward during the appeal of the board's decision. Moreover, if we were to hold that the board's decision is not appealable until after the division conducts an investigation and makes a determination, there would be other practical consequences.

If we were to determine ultimately that the board's findings were invalid and therefore that sanctions imposed by the division must be reversed because they were premised on the board's findings, there would be much wasted effort and money on the part of both Crawford and the Division of Insurance. Whether that waste is worse than the delay inherent in the division's current practice is fairly debatable. It is enough for our purposes to observe that the answer is not so one sided, nor is the possibility of delay so critical, as to cast doubt on the application to this case of the *Meyer* standards of administrative finality.

For the above reasons, the judgment of the superior court is REVERSED and this case is REMANDED to the superior court with instructions to review the merits of Crawford's arguments on appeal.

FABE, Chief Justice, dissenting.

I disagree with the court's conclusion that the Workers' Compensation Board's post-settlement finding that Crawford and Company frivolously and unfairly controverted Penny Baker–Withrow's claim is a final, appealable order. I depart from the court's reasoning on several grounds. The court has created the right to an appeal that frequently will have no appellee. Furthermore, the Board's finding fails our test for identifying final appealable agency orders because it does not require Crawford to take any action. The finding therefore has no direct effect on the company. And we do not need to be con-

10. Alaska R.App. P. 602(h). The board frequently participates as a party in cases on appeal when it determines that it has an institutional interest separate from the interest of the parties. On remand under our interim order the board filed a notice of nonparticipation that stated in relevant part:

The Alaska Workers' Compensation Board has determined it has no independent interest in this appeal only of its decision. The Attorney General's office will not participate on the Board's behalf unless the undersigned is advised by letter from a party that it believes the Board has an independent interest or receives notice from the Court under Alaska App. Rule 514(f).
Because the board in this case has an interest in sustaining the validity of its orders that will not

be duplicated by the interests of a party represented by counsel, we recommend that the superior court on remand of this decision notify the board that it has an independent interest in the proceeding and invite the participation of the attorney general on the board's behalf.

11. 906 P.2d at 1370.

12. *See supra* note 3.

13. *See Pipeliners Union 798 v. Alaska State Comm'n for Human Rights*, 681 P.2d 330, 336 (Alaska 1984) ("[I]n a consolidated proceeding of an action to enforce an [administrative] order and the appeal of that order, an enforcement judgment may be entered before the order is reviewed unless the court imposes a stay of the enforcement cause of action.").

cerned with the preclusive effect of the Board's finding as even Crawford admits it is not binding on the Division of Insurance. Finally, allowing this type of appeal will delay the Division's investigations, to the detriment of the workers' compensation scheme and the public policy behind it. I would affirm the superior court's dismissal of Crawford's appeal and therefore respectfully dissent from the court's opinion and judgment.

"The test for determining whether a judgment is or is not final is essentially a practical one." [1] Without even turning to our doctrine on finality, I believe that the court's holding cannot meet this simple standard of pragmatism because in many cases there will be no appellee to defend the appeal the court today allows. A claimant like Baker–Withrow has already received the money she needs to make her whole and pay her lawyer. If the employer appeals only the controversion finding, and compensation is not at stake, the employee has no reason to defend the appeal. She will be no better off if the courts affirm the Board than if they reverse it. And she has no way, other than her own out-of-pocket funds, to pay her lawyer to chase the appellant through the appeals process.[2] As I explain below, the only direct effect of the Board's ancillary finding of frivolous or unfair controversion is that the Division of Insurance will initiate an investigation into whether the employer or insurer has engaged in unfair claim settlement practices—an investigation that must look beyond the facts of the original claimant's case.[3] The Division undertakes this investigation in the public interest, not to advance the claimant's goals.[4] The claimant has no direct stake in the investigation's outcome, or even in whether it happens or not. As the court

points out, the Board may take part in an appeal to protect its own interests.[5] Unfortunately, in this case the Board has determined it has no interest not represented by one of the parties.[6] By allowing this appeal, and by leaving a pro se litigant like Baker–Withrow to handle it on her own, the court and the Board are asking workers' compensation claimants to help police claim settlement practices by serving as private attorneys general, without any of the rewards that normally attend fulfilling such a role in a *qui tam* action or a citizen suit. Although Baker–Withrow has chosen to take on the task, I doubt that many claimants in her position will do the same. We will be left deciding appeals based only upon the arguments of appellants—a notably poor way of getting at the truth of the matter.

The one-sided nature of this type of appeal should at least pique our suspicion that the Board's finding is not the sort of order we ought to consider final and appealable. To determine whether the administrative order is final and appealable, the court uses the two-part test laid out in *State, Department of Fish & Game, Sport Fish Division v. Meyer,* asking "whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." [7] I agree with the court that the Board has completed its decisionmaking process in this case, but I would hold that the finding of frivolous and unfair controversion will not directly affect Crawford and Company within the meaning of *Meyer.*

We have not had occasion to analyze what it means for an agency decision to "directly affect the parties." Cases from other jurisdictions that have considered the question

**1.** *Matanuska Maid, Inc. v. State,* 620 P.2d 182, 185 (Alaska 1980) (citations and internal quotation marks omitted).

**2.** By the time supplemental briefs were filed in the present case, Baker–Withrow was without counsel and representing herself.

**3.** *See O.K. Lumber Co., Inc. v. Providence Washington Ins. Co.,* 759 P.2d 523, 526–27 (Alaska 1988).

**4.** *See* AS 21.36.125(b) ("The provisions of this section do not create or imply a private cause of

action for a violation of this section."); *O.K. Lumber,* 759 P.2d at 527.

**5.** Op. at 986 & n. 10.

**6.** *Id.*

**7.** Op. at 985 (quoting *State, Dep't of Fish & Game, Sport Fish Div. v. Meyer,* 906 P.2d 1365, 1370 (Alaska 1995) (quoting *Franklin v. Massachusetts,* 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992))).

have generally granted review only for agency orders that impose definite and concrete obligations on parties or otherwise govern their behavior. In *Franklin v. Massachusetts*,[8] the source of our *Meyer* test, the United States Supreme Court held that the question of finality hinges on "whether [the agency decision's] impact 'is sufficiently direct and immediate' and has a 'direct effect on ... day-to-day business.'"[9] Appealable agency action "imposes an obligation, denies a right, or fixes a legal relationship."[10] The Board's finding of frivolous controversion does none of these. It only triggers the investigation. Crawford is not required by the Board's finding to take any action, nor is the company barred from any action. The Board's finding compels no change in the company's behavior. Its legal status is no different than it was before the finding. The only possible current effect on Crawford is the harm to its reputation. Such damage is not only speculative but is also an "inherent incident[ ] of [an] open and public administrative process"[11] and insufficient to allow an appeal before the investigation has even begun.

The court's holding that the Board's nondispositive finding directly affects Crawford is driven by an unwarranted concern that an immediate appeal is Crawford's last chance to challenge the Board's finding, because the Division of Insurance will give it "binding effect."[12] An immediate appeal is necessary, the court reasons, because the Board's finding of frivolous and unfair controversion "will go a long way toward establishing an unfair claim settlement practice" of "failing to 'attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear,'" because the two

determinations have "similar" "elements."[13] But there is no suggestion in the record that any sort of formal preclusion is at work in the Division's proceedings.

The affidavit filed by Robert A. Lohr, Director of the Division of Insurance, does state that the Board's findings are not open to relitigation. But again, the only mandatory effect of those findings is to trigger the investigation. This is an essentially executive action and does not warrant an appeal.[14] Director Lohr further states that the Board's finding would be "relevant, probative and persuasive on the question of whether an unfair claim settlement practice ... has occurred." This does not imply the "binding effect" that worries the court. Rather, Lohr's affidavit makes clear that the Division views the Board's finding as good evidence of an unfair claim settlement practice, but that the finding does not conclusively establish any element of that determination.

Crawford itself concedes that the Board's finding does not have a conclusive effect on the Division's decision: "The Division of Insurance can only determine whether Crawford committed an unfair claims settlement practice, not whether Crawford frivolously or unfairly controverted benefits.... [T]here are no provisions of the Unfair Claims Settlement Practices Act that correlate directly to the Board making a determination of a frivolous or unfair controversion." Thus, the Board's finding is not legally conclusive or irrebuttable. Crawford will be able to rebut the finding's relevance to the question that is before the Division: whether any of the company's violations of AS 21.36.125 have been "committed so frequently as to become a

8. 505 U.S. 788, 797, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992).

9. *Id.* at 796–97, 112 S.Ct. 2767 (quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 152, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)) (second alteration in original).

10. *Geyen v. Marsh,* 775 F.2d 1303, 1309 n. 6 (5th Cir.1985) (citation omitted).

11. *Brian v. State By & Through Oregon Gov't Ethics Comm'n,* 126 Or.App. 358, 868 P.2d 1359, 1362–63 (1994).

12. Op. at 985.

13. Op. at 985 (quoting AS 21.36.125(a)(6)).

14. *Cf. International Waste Controls, Inc. v. SEC,* 362 F.Supp. 117, 119 (S.D.N.Y.1973) (holding that an order initiating an investigation is "not reviewable until a final order is entered as a result of the investigation") (citation omitted).

trade practice." [15]  The company will also be able to appeal any adverse determination that relies on the Board's finding. This appeal, to which the Division will be a party, is sufficient to safeguard Crawford's rights. There is no call for us to provide the company with an extra appeal before the investigation has led to any determination about Crawford's practices, let alone before it has even begun.

Finally, the court has granted insurers two levels of appeal of an ancillary finding of the Board, first to the superior court and then to this court, ensuring that any Division investigation triggered by such a finding will be delayed for years. It is the Division's practice to stay its investigation while an appeal of the triggering finding is pending. This delay will weaken the Division's ability to oversee and regulate the workers' compensation insurance industry. Our respect for the public policy embodied in Alaska's workers' compensation laws should warn us away from impeding the Division's work. Under the scheme the legislature enacted, employees "relinquish[ ] whatever rights they had at common law in exchange for a sure recovery under the compensation statutes." [16]  Employers must be held to account for their end of the deal—their liability is limited, but they are required to play by the rules and compensate their workers in good faith.[17] The delaying tactics that the court sanctions in this decision will dilute the Division of Insurance's ability to police the bargain.

For all of these reasons, I respectfully dissent.

---

15.  *O.K. Lumber,* 759 P.2d at 527.

16.  *Wright v. Action Vending Co., Inc.,* 544 P.2d 82, 84–85 (Alaska 1975) (quoting *Smither & Co. v. Coles,* 242 F.2d 220, 222 (D.C.Cir.1957)).

17.  *Id.;* AS 21.36.125(6) (requiring good faith attempt to "settle[ ] claims in which liability is reasonably clear").